C. MAVOR et al. *v.* E. ARMANT, Administrator, et al.

The cumulation of a demand for the partition of succession property with a demand for the partition of property held in common, where there is no privity of estate between all the parties, plaintiffs and defendants, is not authorized by the rules of pleading.

An heir who purchases at the sale of the hereditary effects is not obliged to pay the surplus of the purchase money over his portion of the succession, until the portion has been definitely fixed by a partition.

APPEAL from the District Court of the Parish of St. James, *Duffel*, J.
*Legardeur, Ilsley, Berault & Legendre, A. & A. Pitot* and *C. Morel*, for plaintiffs. *Janin & Griffon*, for defendants and appellants.

LAND, J. This is a suit for a partition, and the following statement of facts will show the nature of the property to be divided and the respective interests therein of the parties to the action.

On the 15th of January, 1847, *Jean Baptiste Armant* and his wife made a donation, *inter vivos*, to their twelve children, of a large sugar estate with the improvements thereon, situated in the parish of St. James in this State, together with one hundred and fifty two slaves.

On the 23d of January, 1857, *John S. Armant*, the eldest son, and one of the donees, made a donation, *inter vivos*, to his own children, of the property donated to him by his father and mother in 1847.

In 1854 *J. B. Armant* died, and his wife in 1858, leaving some six thousand three hundred acres of land, nineteen slaves and other property as belonging to their joint successions.

This suit is for the partition of these two estates.

First—For the partition of the property of the successions of *J. B. Armant* and of his wife *Rose Carmélite Cantrelle*.

Secondly—For the partition of the property held in common by the donees under the act of donation of the 15th of January, 1847.

Five of the defendants have no interest in the succession property of *J. B. Armant* and *Rose Carmélite Cantrelle*. And one of the defendants has no interest in the property held in common under the act of donation of 1847. These parties without interest, as above stated, are *John S. Armant* and his five children.

The appellant, *Terance Armant*, objected in his answer to the petition, to the partition of these two estates *as one*. His objections were overruled, and the two estates were ordered to be sold together in *block*, to effect a partition.

The defendant, *John S. Armant*, had no capacity to stand in judgment as to the property held in common, for the reason that he was without any interest in this estate ; and his five children were without capacity to stand in judgment as to the successsion property of *J. B. Armant* and *Rose Carmélite Cantrelle*, for the reason that they were without interest in that estate.

Article 1252 of the Civil Code provides that the heir who wishes a division must cite his co-heirs or their representatives, that the partition may be ordered, and the form thereof determined if there should be any dispute in this respect. And Article 1253 declares, that he who sues another for a partition of the effects of a succession, confesses thereby that the person, against whom the suit is brought, is an heir.

It is evident, not only from these Articles of the Code, but from all the other provisions of law upon the subject of partition, that the suit can only be instituted, and carried on against the co-heirs themselves or their representatives.

The cumulation of a demand for the partition of succession property, with a demand for the partition of property held in common where there is no privity of estate between all the parties, plaintiffs and defendants, is no where authorized in the law, but is at variance with the well settled rules of pleading.

The law does not permit a creditor to sue all of his debtors in the same action, unless there is a joint liability or privity of contract which authorizes the joinder, nor will it permit a party to be joined in a demand in which he has no interest.

It is contended that *John S. Armant* and his five children alone have the right to make the objection, and not the appellant, against whom the plaintiffs have an undisputed right of action. This posititition would have great strength if the appellant's rights could in no way be affected by the cumulation of these demands.

The appellant, however, has the right at the sale of the hereditary effects, under Article 1265 of the Code, to become a purchaser to the amount of the portion owing to him from the succession, and is not obliged to pay the surplus of the purchase money over the portion coming to him until this portion has been definitely fixed by a partition.

The joinder of these two demands, and the judgment of the lower court thereon ordering the two estates to be sold together, may, and perhaps do, deprive the appellant of the right, at least the ability, to purchase the hereditary effects, by compelling him, in order to exercise this right, to buy other property to a very large amount at the same time.

The appellant, in his answer to plaintiff's petition, alleges that the lands of which he is a co-proprietor are of great extent and value, on which some three or four separate sugar plantations could be established of sufficient extent, and that as a whole, a force of fifteen hundred slaves would be required to cultivate the same profitably, and that his rights and interests would be sacrificed for the benefit of speculators should the court decree that the sale of the lands and slaves be made *in block.*

Whatever may be the ability or wishes of the appellant to purchase the property ordered to be sold in block by judgment of the lower court, *he has the right to purchase the property of the successions of his father and mother* at a sale to effect a partition, *with privileges not enjoyed by ordinary purchasers,* and he has demanded in his answer, that the property of these successions be sold separately from the property held in common. This right it is the duty of the court to recognize and enforce.

The court erred, in ordering these two estates to be sold in block.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed, and that the cause be remanded for further proceedings according to law, and that the plaintiffs pay the costs of this appeal.