ODOM, J.
Plaintiff alleges that he is president and a member of the board of directors of the *565 Opelousas-St. Landry Bank & Trust Company, domiciled in Opelousas, La., and that on December 11,1931, he called on J. S. Brock, state bank commissioner, at his -office in New Orleans, seeking advice concerning the “dangerous condition of the bank’s reserves and the manner in which they were being rapidly depleted ; that for some months the withdrawals had been exceeding the deposits; that many of the withdrawals were abnormal, that is to say, not made in the ordinary course of business, but to hoard the money or to transfer it to some other bank * * *; the bank’s reserves had dropped to somewhere near the limit below which they should not be allowed to fall under the law * * *; that at this interview with said State Bank Commissioner petitioner laid these matters and things before him.”
Petitioner then alleges that he was informed by the commissioner that $150,00U could be raised for the bank’s relief, if that sum were sufficient, and that it was agreed that the commissioner would go to Opelousas, look over the situation, and determine for himself what should be done.
Petitioner further alleges that during his absence from Opelousas checks were drawn on the bank which, if paid, “would practically wipe out its cash on hand and with banks,” and that' under such conditions, petitioner caused the bank to be closed, which action was unanimously approved by the board of directors'.
It is alleged that the state bank commissioner investigated the condition of the bank, and that thereafter Huey P. Long, then Governor of the state, appeared upon the scene and at once “proceeded to the task of organizing a new bank for the express purpose of' taking over the affairs of said Opelousas-St. Landry Bank & Trust Co. * * * and proceeded at the same sitting to dictate an act of transfer by which all the property, rights and credits of said Opelousas-St. Landry Bank- & Trust Co. were to be transferred by said State Bank Commissioner to said proposed new bank, christened by its creator and sponsor ‘St. Landry Bank & Trust Co. of Opelousas.’ ”
It is further alleged that all the assets of the old bank were transferred by the commissioner to the new bank under conditions which need not be here stated: By supplemental and amended petition filed by plaintiff, it appears that the proposed transfer of the assets of the old to -the new bank was approved by order of the district court, dated December 15, 1931.
Petitioner alleges that “said purported transfer was and is an absolute nullity” for reasons which we deem unnecessary to state, and he prays for judgment annulling and setting aside said transfer and ordering the new bank to return to the old bank all of the property, rights, and credits belonging to the latter and —
“Condemning the said Huey P. Long, the said J. S. Brock, State Bank Commissioner, and the St. Landry Bank & Trust Co. of Opelousas in solido to pay said Opelousas-St. Landry Bank & Trust Co. for such of its property, rights and credits as may have been alienated or dissipated by said St. Landry Bank & Trust Co. of Opelousas while in possession thereof.”
No citation or service was made on Mr. Long (then Governor and now United States Senator). The other defendants, J. S. Brock, *567 state banking commissioner, and tbe St. Landry ' Bank & Trust Company of Opelousas, were cited and served and in limine filed exceptions -to the petition:
“(1) Because there is a misjoinder of party defendants in that one Huey P. Long is joined with your defendants, and who has no interest, real, personal or otherwise, in this litigation or the subject matter thereof;
“(2) Because the said Long, made defendant herein was not a party signatory to the contract which is the sole subject matter of this suit, and no right or interest is stated or shown in the plaintiff’s petition, original or supplemental, whereby he is entitled to be made a party defendant herein.”
This exception of misjoinder was sustained by the trial court, and plaintiff’s suit was die-missed at his costs. He appealed.
1. The trial judge stated, in his written opinion, that it was clear to him that Mr. Long, then Governor of the state, was erroneously joined in the suit as a party defendant. His reasons for-so holding seem sound to us. But that is beside the question. Mr. Long has not been cited or served, has made no appearance, and has not complained at being joined in the suit as defendant with the others. The question is whether J. S. Brock, the state banking commissioner, and the St. Landry Bank & Trust Company of Opelousas, who are admittedly proper parties defendant, may raise the issue, conceding that Mr. Long was improperly joined in the case.
Our conclusion is, and we hold, that even though Mr. Long was improperly joined as a party defendant, and even if the petition does show that no judgment could be rendered against him, .the defendants who are properly joined cannot raise the issue of misjoinder as to him.
In the case of Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, it was observed that our Code of Practice “makes no provision for determining when parties may or may not be joined either as plaintiffs or defendants,” and. said:
“We look in vain for them in the Spanish and French systems of procedure prevailing at the time of the adoption of our Code of Practice; but we find them in the common-law books, and we know that our Code of Practice was derived largely from that system, while our Criminal Procedure was taken bodily from it. The rules there laid dorni are safe guides, all the more so because they are not the product of arbitrary legislation, but the gradual result of the application of pure reason to the exigencies of eases in actual practice.”, (Italics the writer’s).
The court in that case did not have under consideration the precise, 'question here presented. But the case is in point here, in that it is pointed out that our Code of Practice “is singularly silent on the subject of joinder of parties,” and that as to the systems of procedure, prevailing at the time of the adoption of the Code, “we find them in the common-law books, and we know that our Code of Practice was derived largely from that system” and “the rules there laid down are safe guides.”
We look in vain, not only to our Code of Practice, but to our reported eases, for a rule of procedure to guide us in a case where an exception of misjoinder is filed and insisted upon by those of the defendants who are properly joined as such, because another defend *569 ant or other defendants are improperly joined. But in the absence of such a rule laid down in our books, we follow that which prevails at common law, a rule which is well founded in common sense and reason, and hold that an exception of misjoinder of parties defendant is personal to him who is improperly joined and is not open to those who are properly joined.
2. It would be a useless expenditure of time and a waste of energy to cite the numerous cases from other jurisdictions announcing this rule. • Suffice it to say that the authorities are practically unanimous to that effect.
In the American Digest, Century Edition, vol. 37, p. 2564, § 149, under the general heading “Parties,” it is stated:
“Defendant can not raise an objection as to misjoinder of other parties defendant. The objection lies only with the party who is improperly joined.”
In support of this statement there are cited cases from Alabama, Iowa, Minnesota, Mississippi, Missouri, Nebraska, New York, Ohio, Tennessee, Colorado, Indiana, Michigan, and Wisconsin.
In the same Digest, Decennial Edition, First Series vol. 15, &wkey;91, heading “Parties,” the rule is thus stated:
“The objection that there is a misjoinder of parties defendant is open only to a defendant who has been improperly joined.”
By referring to the same key number (91) under the general heading “Parties,” in the second and third Decennial and the Current Digest, it will be found that the rule is there stated in practically the same language. The rule is similarly stated in Corpus Juris, vol. 47, p. 229 (§ 449) d, under the general heading “Parties”:
“It is ordinarily held that an objection to misjoinder of parties defendant can be raised only by the party improperly joined and can not be raised by another defendant, who is properly joined and against whom a cause of action is stated, especially where the misjoined defendant raises no objection, although there is some common law authority to the contrary with regard to actions ex contractu.”
In support of this general rule, cases from eighteen states and the federal courts are cited. '
One of the federal cases cited is Northern Pacific Ry. Co. v. Lee (D. C.) 199 F. 621, where it was held that:
“The objection that defendants are not necessary or proper parties, and are improperly joined, cannot be raised by other defendants who are proper parties.”
3. The trial judge, in support of his opinion that the exception of misjoinder is open even to those who are properly joined, cited four cases, Livermore v. Norfolk County, 186 Mass. 133, 71 N. E. 305; Cunningham v. Town of Orange, 74 Vt. 115, 52 A. 269; Johnson v. Davis, 7 Tex. 173; and Watts v. Meyer (Mo. App.) 189 S. W. 29.
The Massachusetts case is not in point. What was held in that case was that “A peti•tion joining different causes of action against different defendants is demurrable in favor of either or both.” (Italics ours.)
The rule in Louisiana and elsewhere is that a plaintiff cannot in the same suit join different defendants “in separate causes of action.”
*571 The Vermont case cited supports the views expressed by the trial judge. But that case and the one cited from Texas seem to stand alone in support of that view, and we take occasion to say that the Texas case referred to was decided more than 80 years ago (in 1851) and that a contrary view was expressed by the Texas Court of Civil Appeals in the ease of Southern Surety Company v. W. E. Callahan Const. Co. et al., decided in April, 1927, and reported in 283 S. W. 1098. The old case was not referred to, but the ruling in the latter case is directly to the contrary, as was the ruling in the case of Gulf, C. & S. P. Railroad Co. v. Edloff, 89 Tex. 454, 34 S. W. 414, 35 S. W. 144.
We have not read Watts v. Meyer, cited by the court, as it appears, from the quotation in his opinion, it is not in point. He quotes from it as follows:
“One defendant may demur because he is an improper party to be joined with the other defendant.” Prom this it appears that the defendant who was improperly joined made the objection and was sustained.
We note that counsel for defendants in their brief cite those cases cited and quoted from by the trial judge. They also cite a long list of cases holding, as stated by Cross in his work on Pleading, p. 13, that:
“Parties cannot be joined in a suit unless they have an identity of interest in its subject matter. Without privity between them they can not be joined in the same suit, either as plaintiff or defendant, for the law not only abhors a multiplicity of actions against the same person, but also a multiplicity of actions in the same suit.” This rule and the cases cited in support of it are not in point.
They cite also two cases, McGee v. Collins, 156 La. 291, 100 So. 430, 34 A. L. R. 336, and Davidson v. Prost-Johnson Lbr. Co., 126 La. 542, 52 So. 759, where an exception of misjoinder was sustained and the suit, as to all defendants, was dismissed. But those were cases in which those who were not properly joined made the objection. In the ProstJohnson Case, the court held, to quote the syllabus written by it, that:
“To hold them [those not properly joined] in court for the purposes of issues with which they have no concern, * * * would be inconsistent with well-established jurisprudence.”
4. Learned counsel for defendants Brock and the new bank in oral argument and in brief say that if there be a cause of action against the defendant Long, it is one in tort, and that manifestly the action against their clients is ex contractu; that the causes of action are not related; and that to force them into a trial with Senator Long would be unjust and a hardship.
If their contention be well founded, they need not go to trial with Senator Long; In the century-old case of Arrowsmith v. Mayor et al., 17 La. 419, the court said:
“One of the defendants was sued on a contract ; and the other on a tort. They pleaded severally; and had the right to do so. In the case of Sere v. Armitage, 9 Mart. (O. S.) 394, 13 Am. Dec. 311, this court held, that: ‘If there be several defendants in an action of trespass and they plead separately, they may have the cause tried separately; but if they go to trial jointly, and suffer a verdict to be given against them, they cannot afterwards object to it as error.’ There is an infinitely *573 greater connection, between trespassers who are sued for the same trespass, than that between the present defendants; one of whom is sued on a contract and the other-on a tort.”
These cases were cited approvingly in Holzab v. New Orleans & C. Railroad Co., 38 La. Ann. 185, 58 Am. Rep. 177.
Riggs & Bro. v. Bell et al., 39 La. Ann. 1030, 3 So. 183, was a case where suit was brought for damages for the wrongful obtention of an injunction. It was brought against the plaintiff in the injunction cáse, the sureties on the bond, and another party represented as having maliciously instigated the proceeding. There was an exception of misjoinder filed. The court found that it was “apparent that the defendants are all brought in on distinct causes of action.” But, said Justice Bermudez, organ of the court:
“The defendants’ sureties have a right to sever in their defense, but this they are not bound to do. This right has been more than once recognized,” citing 17 La. 419, 421, and 38 La. Ann. 187, 58 Am. Rep. 177.
In the later case, that of Neugass v. City of New Orleans et al., 43 La. Ann. 78, 9 So. 25, 20, different parties were joined as defendants in a suit to annul a judgment and to recover damages in solido “the origin of the claims not being cognate, .there was a misjoinder, and the exception was maintained,” and the court said: “The defendants may sever in their defense, but severance is optional with them,” citing Riggs v. Bell, supra.
For the reasons assigned the judgment appealed from is reversed, the exception of misjoinder is overruled, and it is now ordered that the case be remanded to the Thirteenth judicial district court for the parish of St. Landry and there reinstated on the docket of said court to be proceeded with according to law, costs of this appeal to be paid by- the St. Landry Bank & Trust Company of Opelousas, all other costs to await final results.
ST. PAUL, J., concurs in the result.