93 So.2d 912

**GREATER BATON ROUGE PORT
COMMISSION**

v.

**Helen MORLEY.**

No. 42960.

Feb. 25, 1957.

W. P. Strangward, Cleveland, Ohio, Barbier, MacFarland & Tolleson, Detroit, Mich., Joseph A. Loret, Baton Rouge, for defendants-appellants.

Hynes, Mathews & Lane, Baton Rouge, for plaintiff-appellee.

McCALEB, Justice.

This suit was instituted for the purpose of expropriating a servitude or right of way across 10 separate contiguous tracts of land situated in West Baton Rouge Parish, Louisiana in connection with the proposed construction of the Port Allen-Indian Village link of the Gulf Intracoastal Waterway. Three of the tracts are owned in indivision by defendants, Helen Morley and Harry L. Laws & Co., Inc., four of the tracts are owned in indivision by defendants, Helen Morley and Southern Land Products Co., Inc.[1] and the remaining three tracts are owned in indivision by defendants, Helen Morley and Charles G. McDonald, and Mrs. Sue W. Whitehead.

The suit, as originally instituted, named Helen Morley as the sole defendant. To

1. Pending this appeal Southern Land Products Co., Inc., was substituted as party defendant for Southern Land Products Co.

plaintiff's original petition Miss Morley filed exceptions of no right or cause of action and also an exception of non-joinder, the latter predicated upon plaintiff's failure to make Harry L. Laws & Co., Inc., Southern Land Products Co., Charles G. Mc-Donald and Mrs. Sue W. Whitehead parties defendant to the suit. Miss Morley also filed an answer and a reconventional demand.

Prior to a trial on any of the exceptions, plaintiff filed a supplemental and amending petition by which it made Southern Land Products Co. and Charles G. McDonald parties to the suit.[2]

To this supplemental petition, each defendant filed various dilatory and peremptory exceptions in addition to answering on the merits. Included among these exceptions were exceptions of improper cumulation of actions and misjoinder of parties defendant which were interposed by defendants Southern Land Products Co. and Charles G. McDonald. The basis of these exceptions is that Southern Land Products Co. and Charles G. McDonald have no interest in the property owned jointly by Helen Morley and Harry L. Laws & Co., Inc.; that Southern Land Products Co. has no interest in the property owned by Helen Morley and Charles G. McDonald

and that Charles G. McDonald has no interest in the property owned jointly by Helen Morley and Southern Land Products Co. Exceptors argue that one should not be made to defend an action in which he has no interest and no connection.

After a trial the district court rendered judgment overruling all the exceptions filed by defendants and granting plaintiff the servitudes sought to be expropriated upon payment to Helen Morley of $8,406, upon payment to Southern Land Products Co. of $5,385.38 and upon payment to Charles G. McDonald of $866.81. The judgment further reserved to defendants certain rights to the merchantable timber on the tracts involved. All defendants have appealed from this judgment.

We address our immediate attention to defendants' contention that the district court erred in overruling the exceptions of improper cumulation of actions and misjoinder of parties defendant.

■ It is the well-settled jurisprudence of this state, as enunciated in Reardon v. Dickinson, 156 La. 556, 100 So. 715, 716, that:

"The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants,

---

2. Harry L. Laws & Co., Inc. and Mrs. Sue W. Whitehead were not made parties defendant since plaintiff alleges that their respective interests in the tracts

in question necessary to plaintiff were acquired by it by means of amicable agreements negotiated prior to the filing of this suit.

have a common interest in the subject-matter of the suit."

See Mavor v. Armant, 14 La.Ann. 181; Gill v. City of Lake Charles, 119 La. 17, 43 So. 897; Davidson v. Fletcher, 126 La. 535, 52 So. 761; Strong v. Robbins, 137 La. 680, 69 So. 93; McGee v. Collins, 156 La. 291, 100 So. 430, 34 A.L.R. 336 and Mundy v. Gentilly Oaks, 228 La. 509, 82 So.2d 849.

█ Applying this rule to the situation in the instant case, it is manifest that there has been an improper cumulation of actions and misjoinder of parties defendant as to defendants Charles G. McDonald and Southern Land Products Company. Charles G. McDonald, as owner in indivision of three of the tracts with Helen Morley and Mrs. Sue W. Whitehead, has no interest whatever in the three tracts owned in indivision by Miss Morley and Harry L. Laws & Co., Inc., nor in the four tracts owned in indivision by Miss Morley and Southern Land Products Co., Inc. and can in nowise be affected by the judgments rendered as to those tracts. And the same thing is true as to Southern Land Products Co., Inc., anent the tracts sought to be expropriated in which it has no interest. The fact that Miss Morley is the owner of an undivided interest in all of the ten tracts over which plaintiff seeks to expropriate

a right of way does not alter the result insofar as concerns the improper cumulation of actions and misjoinder of parties who do not have a common interest in all of the property sought to be taken, for those parties, who are necessary and indispensable parties as to each tract in which they have an interest, cannot be forced to litigate in the same suit with respect to properties in which they do not have an interest.

In attempting to uphold the decision of the trial judge, counsel for plaintiff rely in the main on Gill v. City of Lake Charles, supra, wherein this Court approved the joinder, as plaintiffs, of eight separate owners of property abutting Lake Charles in a single action in which they attacked the validity of a city ordinance granting a railway company a franchise to operate along the lake front. But that opinion does not support the ruling in this case for, there, each and every plaintiff was similarly affected and was requesting identical relief. Thus, the Court correctly found that there was a common interest between all parties.[3] Here, as we have above pointed out, there is no community of interest as to the two objecting defendants and, therefore, plaintiff's suit must be dismissed as to them. See Davidson v. Frost-Johnson Lumber Co., 126 La. 542, 52 So. 759; McGee v. Collins,

3. The same may be said of Reardon v. Dickinson, 156 La. 556, 100 So. 715 and Lykes Bros. Ripley S.S. Co. v. Wiegand Marionneaux L. Co., 185 La. 1085, 171 So. 453.

supra, and Delesdernier Estate v. Zettwoch, La.App., 175 So. 137. Compare Dubuisson v. Long, 175 La. 564, 143 So. 494.

And, since we also find that plaintiff has improperly cumulated the demand for expropriation of a right of way over the four tracts owned in indivision by Miss Morley and Southern Land Products Co., Inc., with its demand for expropriation of a right of way over the three tracts owned in indivision by Miss Morley, Charles G. McDonald and Mrs. Sue W. Whitehead and that each of these demands has been improperly joined with the demand for the expropriation of a right of way over the three tracts owned in indivision by Miss Morley and Harry L. Laws & Co., Inc., its suit must be dismissed as to the two first named demands.

■ Conversely, plaintiff's action in which it seeks to expropriate a servitude over the three tracts owned in indivision by Helen Morley and Harry L. Laws & Co., Inc., is not susceptible to exceptions of misjoinder and improper cumulation of actions and, indeed, Miss Morley filed no such exceptions. Hence, as that demand stands, we pass on to an examination of the various defenses interposed by Miss Morley.

■■ The exception of non-joinder filed by Miss Morley is predicated on the theory that, since plaintiff is seeking to expropriate only a servitude over the three tracts owned by her in indivision with Harry L. Laws & Co., the latter is a necessary party defendant to the proceeding forasmuch as a servitude is indivisible by nature and cannot be graned as to an undivided part of the land. In this connection, counsel further declare that the purported deed by which plaintiff acquired a servitude over the three tracts from the Laws corporation is null and void since it is legally impossible to acquire a servitude from persons owning only an undivided interest in property.

There is no merit in this position. Article 738 of the Civil Code provides that:

"The coproprietor of an undivided estate can not impose a servitude thereon, without the consent of his coproprietor.

"The contract of servitude, however, is not null; its execution is suspended until the consent of the coproprietor is given."

Thus it is seen that the agreement whereby plaintiff acquired a servitude from the Laws corporation is not null but that its execution is merely suspended until such time as Miss Morley's consent is obtained, either voluntarily or judicially. Compare Gulf Refining Co. v. Carroll, 145 La. 299, 82 So. 277; Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558 and Sun Oil Co. v. State Mineral Board, La., 90 So.2d 583 (all involving leases of undivided interests).

Counsel for Miss Morley also filed an exception of no right of action, the theory being that, since the purpose for which the expropriations are sought is a project of the United States government, plaintiff has no interest in the suit.

■ This contention is groundless. Plaintiff, an Executive Department of the State of Louisiana with all rights and powers of expropriation provided for by the Constitution and laws of this state, see Greater Baton Rouge Port Commission v. Watson, 224 La. 136, 68 So.2d 901, was specifically designated by the Governor of Louisiana on December 6, 1954, as the proper body to secure all rights of way and spoil disposal easements required by the United States for the initial construction and subsequent maintenance of the project involved in this suit. Indeed, the project is authorized on the very condition that local interests will "(a) Furnish without cost to the United States all lands, easements, and rights-of-way, and spoil disposal areas that may be required for initial construction and subsequent maintenance as and when required; * * *." Senate Document 242, 79th Congress, 2d Session. Thus, it is patent that plaintiff was the proper party to bring the instant proceeding.

■ Counsel also contend that plaintiff's petition does not disclose a cause of action since it is not alleged that the expropriations sought are for a public purpose.

The reason given in disposing of the exception of no right of action is a sufficient answer to this contention. Furthermore, it is clear that plaintiff is acting pursuant to and in conformity with Section 12 of Article 4 of the Louisiana Constitution, which reads, in part, as follows:

"* * * the State, or any agency or political corporation or subdivision thereof may, through the authorized representatives thereof, donate by fee simple title, or otherwise convey, to the United States any lands, property, movable and immovable, rights of way, easements or other servitudes, or any of them, which they now own, or may hereafter acquire by purchase, donation, expropriation or otherwise, for the following public purposes; use, in connection with the improvement and maintenance of the navigation of natural waterways, the construction and improvement and maintenance of artificial navigable waterways * * * authorized by any Act or Acts of Congress of the United States or Federal Statutes, or otherwise, * * *."

On the merits of the case the trial judge, after considering the testimony and various sales and compromise agreements reached as to property situated in close proximity

to the tracts in question, awarded Miss Morley $8,406 for the taking as to all ten tracts. This judgment was predicated upon a market value of $22.50 per acre for the servitude taken and did not include any allowance for merchantable timber standing on the land to be used for the right of way. However, the judge reserved to Miss Morley the right to remove said timber prior to the commencement of construction work of the canal and, further, permitted her to make claim for the value of any timber which is not removed prior to construction and which is destroyed because of said construction.[4]

In complaining of the quantum of damages, counsel for defendant contend that the judge erred in disregarding several deeds offered in evidence as well as the testimony of certain witnesses, all of which, according to counsel, reveal that the interests expropriated by plaintiff are worth far in excess of $22.50 per acre and they urge that the award be increased from $8,406 to

$71,280.[5] Counsel further assert that the judgment should have included damages for the merchantable timber on the tracts in question rather than relegating defendant to actions for damages in the future in the event that she be unable to salvage said timber.

■ We have no doubt that the trial judge was in error in making the award without taking into account the value of the standing timber. As pointed out by counsel, the judgment as it stands places the burden on defendant of removing the timber and of bringing further actions for the value of such timber as is destroyed pursuant to the project and which could not have been removed by defendant with due diligence. In other words, unless defendant is able to remove the timber prior to the commencement of construction, which, for any number of reasons, she may be unable to do, plaintiff or its assignees may destroy all of said timber, leaving defendant only a claim for its value. Obviously, Miss

4. This provision of the judgment reads as follows:

"It is further ordered, adjudged and decreed that the defendants herein shall retain ownership, insofar as their said respective interests are concerned, of all of the merchantable timber on the tracts hereinabove described and are hereby reserved the right, to the extent of their said respective interest, until December 1, 1956, or until such time thereafter as plaintiff or its assigns shall commence physically to exercise the rights herein expropriated and adjudicated, to enter upon said tracts and cut and remove

therefrom the merchantable timber, there being hereby further reserved to defendants the right thereafter to make such claims as they may have for loss of merchantable timber which they shall have been unable to cut and remove from said tracts through the exercise of due diligence prior to December 1, 1956, or prior to the subsequent exercise by plaintiff or its assigns of the rights herein expropriated and adjudicated."

5. These figures are based on Miss Morley's undivided one-half interest in all ten tracts.

Morley is not legally required to do anything; she is entitled to receive adequate compensation for the right of way in advance of the taking. Section 2 of Article 1 of the Louisiana Constitution. To be just, the compensation must include the value of the timber damaged or destroyed as well as the value of the land.

Since the trial judge failed to pass on the question of the value of the timber, it is necessary to remand the case so that a determination can be made of the value of the property rights sought to be expropriated, including the merchantable timber. New evidence may be adduced to aid in this matter.[6]

For the foregoing reasons, the judgment appealed from is reversed; the exceptions of improper cumulation of actions and of misjoinder of parties defendant are sustained and plaintiff's suit is dismissed as to defendants Charles G. McDonald and Southern Land Products Co., Inc. and as to the demands affecting the properties owned in indivision by Helen Morley, Charles G. McDonald and Mrs. Sue W. Whitehead and the properties owned in indivision by Helen Morley and Southern Land Products Co., Inc. Insofar as plaintiff's demand for expropriation of a servitude over the tracts owned in indivision by Helen Morley and Harry L. Laws & Co.,

6. In this connection, we note that counsel for defendant have filed a motion to remand so that the lower court might consider a sale of allegedly comparable

Inc., is concerned, the case is remanded for further proceedings in accordance with law and consistent with the views herein expressed. The costs incurred by defendants Charles G. McDonald and Southern Products Co., Inc., are to be paid by plaintiff; taxation of all other costs is to await final determination of the cause.

SIMON, J., absent.

93 So.2d 917

Walter J. JONES

v.

Ocie Brackin JONES.

No. 42039.

Feb 25, 1957.

servitudes from Southern Land Products Co. to the State of Louisiana, effectuated subsequent to the filing of this proceeding.