**JACINTOPORT CORPORATION**

v.

**GREATER BATON ROUGE PORT COMMISSION.**

**Civ. A. No. 81–271–A.**

United States District Court, M.D. Louisiana.

May 4, 1984.

Charles D. Marshall, New Orleans, La., for plaintiff.

Fred H. Belcher, Jr., Baton Rouge, La., for defendant.

JOHN V. PARKER, Chief Judge.

This action was brought by plaintiff against the defendant alleging that the defendant had constructed two buoys in the bed of the Mississippi River adjacent to plaintiff's batture and levee property which impair access to plaintiff's property from the river. The buoys are used in connec-

tion with the mooring of vessels for loading and unloading purposes at the public wharf operated by the commission and leased to Apex Petroleum Fuel and Terminal Oil Company, located immediately down river from plaintiff's property. Plaintiff prayed for injunctive relief and alternatively for money damages. The case has been tried on the merits and submitted for decision.

After the trial the court noted a written stipulation that "the commission is an agency, political subdivision or alter ego of the state of Louisiana" and on February 10, 1984 requested that counsel for both sides brief the issue of whether this action is barred by the Eleventh Amendment.

■ The Eleventh Amendment to the Constitution prohibits suits in federal courts against a state by citizens of another state and even by citizens of that state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Eleventh Amendment immunity may be waived by the state, *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), or abrogated by the Congress, *Edelman v. Jordan, supra,* but only the state itself, not its attorneys, may waive immunity and immunity may be raised at any stage of the proceedings, even for the first time on appeal. *Edelman v. Jordan,* 415 U.S. at 677, 94 S.Ct. at 1363. Since the immunity defense "sufficiently partakes of the nature of a jurisdictional bar," *Edelman v. Jordan,* 415 U.S. at 678, 94 S.Ct. at 1363, the court *sua sponte* raised the issue upon discovery of the stipulation, despite the fact that the case has been tried on the merits. Both sides have briefed the issue of the status of the Port Commission. The Port Commission has never formally pleaded Eleventh Amendment immunity but it now takes the position in brief that it is the alter ego of the state, that the state of Louisiana is the real party in interest, and that this action is barred. Plaintiff now moves: (1) to withdraw from the stipulation, (2) to amend the pleadings to conform with the evidence and, (3) to add an individual defendant, Mr. Randall Cashio, the President of the Greater Baton Rouge Port Commission.

■ The first two motions are hereby granted. There is no justice in binding a party to an inadvertent stipulation which may be in error. *Coastal States Marketing, Inc. v. Hunt,* 694 F.2d 1358 (5th Cir. 1983). That ruling does not, however, resolve the matter.

■ Where a suit is brought against an agency of a state, it becomes necessary to determine whether the state is the real party at interest, *Department of Health & Rehabilitative Services v. Davis,* 616 F.2d 828 (5th Cir.1980) and the court "must examine the particular entity in question and its powers and characteristics as created by state law." *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724, 727 (5th Cir. 1982). In making this determination the court must look first to the state's constitutional, statutory and decisional law. *Tradigrain, Inc. v. Mississippi State Port Authority,* 701 F.2d 1131 (5th Cir.1983).

■ The Greater Baton Rouge Port Commission was created by Section 29 of Article 6 of the Louisiana Constitution of 1921 (continued as a statute by the provisions of Section 19 of Article 14 of the Louisiana Constitution of 1974). It is granted significant authority, including the power to regulate commerce and traffic within the port area, the power to construct, lease and administer the public wharfs and docks, the power to issue bonds, and the power to expropriate property. Title to all property and improvements vest in the state of Louisiana.

Louisiana courts have repeatedly held that the Greater Baton Rouge Port Commission is an executive department of the state of Louisiana. *Miller v. Greater Baton Rouge Port Commission,* 225 La. 1095, 74 So.2d 387 (1954) ("The Port Commission is not a corporation but an Executive Department of the State." *Id.* at 390. "The Port Commission is an Executive Department of the State. and the term notes or bonds issued by it are the primary obli-

gations of the State ...." Id. at 389); *See also Greater Baton Rouge Port Commission v. Morley*, 232 La. 87, 93 So.2d 912, 915 (1957); *Greater Baton Rouge Port Commission v. Watson*, 224 La. 136, 68 So.2d 901, 902 (1953).

This court has previously held that the Port Commission is the alter ago of the state and that the Eleventh Amendment bars suits against it in federal court. *Missouri Pacific Co. v. Travelers Insurance Co.*, 281 F.Supp. 100 (E.D.La. [Baton Rouge Division] 1968).

Jacintoport strongly argues that the Port Commission is an independent agency and is independently funded and that the Eleventh Amendment does not bar this action. Plaintiffs cites many comparable statutory powers of the Greater Baton Rouge Port Commission and the Board of Commissioners of the Port of New Orleans and notes that the latter agency has been held to be an independent legal entity not entitled to claim Eleventh Amendment immunity. *C.H. Leavell & Co. v. Board of Commissioners*, 424 F.2d 764 (5th Cir.1970).

Plaintiff's arguments, although very persuasive, are not accepted for two reasons: (1) the Louisiana jurisprudence cited above holding that the Greater Baton Rouge Port Commission is an executive department of the state—there is no comparable state decisional law regarding the New Orleans port authority, and (2) the prior holding by this court that the Eleventh Amendment bars suits in federal court against the Port Commission. Accordingly, I must conclude that the state of Louisiana is the actual party in interest in this litigation.

■ Plaintiff seeks, however, to take advantage of the jurisprudence which holds that suits against state officers, even when the suit is directed to the officer's actions in his official capacity, are not against the state and thus not barred by the amendment. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiff argues that it should be allowed to join the president of the Port Commission as a defendant against whom the court may grant prospective injunctive relief. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ex parte Young, supra.*

Addition of the president of the Port Commission would not be proper here. The action complained of is clearly state action, action taken by the Commission as a whole, not simply by one of its members. Thus, we cannot conclude that the president of the Port Commission is a state official whose actions are outside the scope of his statutory authority or pursuant to that authority that his actions are unconstitutional so as to come within the legal fiction that side-steps the Eleventh Amendment. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *see also Florida Department of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982).

It is regrettable that the Port Commission did not plead Eleventh Amendment immunity when this case first began, which would have saved much court, lawyer, witness and client time. It is especially regrettable because the evidence received in this court clearly establishes that the Port Commission's construction work has severely limited access to Jacintoport's property and has caused a reduction in market value for which plaintiff ought to be entitled to a substantial award. Unfortunately the Eleventh Amendment bars this action, and under dictates of Fed.R.Civ.P. 12(h)(3), the court must dismiss the action even though the jurisdictional defect was not discovered until after the trial on the merits. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Accordingly, plaintiff's motion to join an additional defendant is hereby DENIED, and this action will be dismissed for lack of subject matter jurisdiction.