FLUKER.
*v.*
BULLARD.

---

## WOMACK *v.* WOMACK et al.

One by whom an action had been commenced as tutrix of minor heirs. to recover the value of improvements made by their father on lands of the defendant, may, on subsequently qualifying as administratrix of the father's estate, amend her petition, and claim to recover in the capacity of administratrix. Such an amendment does not alter the nature of the demand.

The succession of a deceased person is acquired by his heirs from the moment of his death, and with it the right to institute all actions which the deceased could have instituted; and this right of action is not suspended during the delays allowed by law to the heir to decide whether he will accept or renounce the succession. C. C. 934, 939.

Where a Probate Court has jurisdiction of an action for a sum of money against a succession in the hands of an administrator, its jurisdiction cannot be divested by a partition of the succession between the widow and heirs of the deceased, made pending the action. In such a case the administrator may be dismissed, and the widow and heirs be substituted as defendants. and judgment be rendered against them for their respective portions of the debt.

The value of useful improvements, made on property occupied by a party under an agreement that he should pay no rent, may be recovered from the owner,

APPEAL from the District Court of St. Helena, *Leonard*, J. The facts of this case are stated in the opinion of the court *infrâ*. There was a motion to dismiss the appeal, on the ground of want of jurisdiction, the amount claimed from each heir being less than $300.

*A. Hennen*, for the plaintiff. The plaintiff claimed $1,200 of the administrator of the estate of *Womack*, who being dismissed, the heirs, nine in number, were made defendants. From the widow in community, only an heir's—a child's portion, was claimed. Judgment was given for $88 against each of the defendants, against none of whom were $300 claimed. The question is, when there is a claim for more than $300 against several defendants, *jointly only*, but not *in solido*, can the defendants appeal, when no one of them has been condemned to pay $300. We contend that the court has no jurisdiction.

The amount in contest is certainly not $300, as regards each defendant. Because the Code of Practice has required that each defendant should be made a party, it does not follow that each defendant has the right to appeal.

The case of *Ware and wife* v. *Welsh's Heirs*, 10 Mart. 430, supports the judgment of the court, on the merits. There was no usufruct of the land. For improvements made thereon the plaintiff claims remuneration. If the amendment was improperly allowed, the plaintiff, as partner in the community, is entitled to one half of the judgment. No objection was made to the evidence given in to support of this right, and the court can go on to decree in her favour. *Bryan and wife* v. *Moore's Heirs*, 11 Mart. 26.    *Langlini* v. *Broussard*, 12

Mart. 244. When a right is asserted on one ground, and shown on another, judgment will be given according to the justice of the case. Christy's Dig. 255.

*Newton* on the same side.

*Baylies*, for the appellants. 1. As to the motion to dismiss. The plaintiff and appellee demands of the defendants, the partner in community and the heirs of *Abner Womack* deceased, the sum of twelve hundred dollars. The judgment below gave the appellee eight hundred dollars, decreeing the partner in community to pay one-ninth of the sum, and the eight heirs the balance, according to their *virile* portions. The defendants have appealed from this judgment, and a motion is made to dismiss the appeal on the ground, that the judgment against each defendant is for a less sum than $300, and is not appealable. The suit was originally instituted against the administrator of the succession of *Abner Womack* deceased, but he having been discharged from the administration, the partner in community and the heirs accepted the community property purely and unconditionally, and became parties to the suit as defendants. What was the value of the matter in dispute, is the important question? As far as relates to the plaintiff, it is whether she shall recover $1,200 of the defendants combined, and in what proportion? Whether of the partner in community one half, or one-ninth, as awarded; as relates to the defendants, it is whether they shall be entirely released from a claim exceeding three hundred dollars; and if not, an incidental question arises among themselves, as to what amount each one shall contribute to the payment of the judgment?

The partner in community certainly had a right to appeal, as she was liable, legally, to pay one-half of the judgment. But it is contended that she must be viewed as an heir, because, in another suit, she had renounced in favor of the heirs all her interest in the community except one-ninth, or, in other words, had taken what is styled a child's portion. This was an arrangement, however, made, *not by law*, but by her own voluntary renunciation, and does not change her liability to creditors. If it is conceded that the partner in community is entitled to an appeal, can she avail herself of it, without her co-defendants being brought before the appellate court? And if so, can they not also join in the appeal? If the plaintiff had appealed, because the partner in community was decreed to pay, not one-half, but one-ninth, could she be severed from her co-defendants, and they left to comply with the judgment of the inferior court, while she might be rendered liable by the appellate court to pay one-half, and the plaintiff be thus enabled to recover more than she originally claimed. It seems, if the plaintiff is entitled to an appeal as to all of the defendants, that they ought also to enjoy the same right. It has been decided that all the parties to the judgment in the inferior court ought to be made parties to the appeal. 3 Rob. 26, 140, 436. 6 La. 320.

2. The plaintiff, as tutrix of her minor children, instituted suit against the administrator of the succession of *Abner Womack*. Her right to do so was denied, whereupon she applied and was appointed administratrix of the succession of *Wm. H. Womack*, and was allowed to amend her petition by becoming plaintiff in the latter capacity instead of the first. At the time the amendment was allowed, the succession of *Abner Womack* had been partitioned among the heirs and the partner in community; these had become parties to the suit, were liable to be sued in the District Court, and the administrator had been discharged. A suit and judgment in the name of the tutrix required a different disposition of the amount recovered, from a judgment in the name of the administratrix. The one became the property of the minors, and the other of the creditor of the deceased insolvent. The amendment was improperly allowed. 11 La. 573. 1 Rob. 407. A plea was made to the jurisdiction of the Probate Court and overruled. No law authorized the institution of a suit in the Probate Court against the partner in community, nor against the heirs who had been placed in possession of the succession, as in this case, in which the community property exceeded $60,000. If liable, the defendants had a right to insist that the amount of liability should be fixed by a jury.

*William H. Womack* occupied a tract of land about 20 years, by permission of his father *Abner Womack* deceased, and it is admitted that he did so without being liable to pay rent. This possession was that of an usufructuary. C. C. art. 525. At the expiration of that usufruct, the usufructuary has no claim for improvements. C. C. art. 589.

The judgment of the court was pronounced by

KING, J. The plaintiff instituted this action as the tutrix of the minor children of *W. H. Womack*, deceased, to recover from the administratrix of *Abner Womack*, the value of improvements made by the father of the minors on a tract of land, which he had been permitted by *Abner Womack*, his father, to occupy for a number of years. The authority of the plaintiff to maintain the action as tutrix was objected to, whereupon she caused herself to be appointed administratrix of the succession of *W. H. Womack*, and amended her petition, claiming in that capacity. To the opinion of the court permitting her to make this amendment, the defendants excepted. A judgment was rendered in favor of the plaintiff, from which the defendants appealed.

The judge did not, in our opinion, err, in permitting the plaintiff to amend her pleadings, and prosecute her claim as administratrix. The succession of the deceased was acquired by his heirs from the moment of his death, and with it the right to institute all the actions which the deceased could have instituted. These rights of action are not suspended during the delays allowed by law to the heir, to decide whether he will accept or renounce the succession. Civil Code, arts. 934, 939. *Erwin et al.* v. *Orillion*, 6 La. 213. *O'Donald* v. *Lobdell*, 2 La. 303. 4 Toullier, nos. 82, 83, 84.

A part of the succession which devolved upon the plaintiff's wards consisted of the improvements in question, and it became her duty, as tutrix, to institute a suit for the recovery of their value, without awaiting the appointment of an administrator. After the plaintiff had been appointed administratrix of the beneficiary succession, it was equally her duty to claim the value of the improvements for the benefit of the entire succession, which she then administered for the creditors as well as the heirs, and for this purpose it was not necessary to institute a separate action. She could well intervene in the suit then pending; and this intervention, in a capacity which authorized her to claim the entire debt, for the benefit of the minors as well as the creditors, did not alter the nature of the demand. If there was any foundation for the objection originally urged to the right of the tutrix to claim more than the portion coming to her wards, it ceased when she became administratrix, and in that capacity was made a plaintiff in the action.

During the pendency of the action, a partition of *Abner Womack's* succession was made between his widow and heirs. The administrator was thereupon dismissed from the suit, and the widow and heirs substituted as parties defendant. The latter filed a plea to the jurisdiction of the Probate Court, which was overruled, and we think correctly. When the suit was instituted, the succession was under the charge of an administrator, the demand was for a sum of money, and the Probate Court had clearly jurisdiction of the cause, of which it was not divested by the subsequent discharge of the administrator, and partition among the widow and heirs.

Upon the merits, it is shown that *Abner Womack* put his son *W. H. Womack* in possession of a tract of land, on which the latter resided for a number of years, and made useful improvements. It was understood that the son should pay no rent. The plaintiff is entitled to the value of those improvements, and the estimate placed on them by the judge below is fully supported by the evidence. *Ware and wife* v. *Welsh's Heirs*, 10 Mart. 430. The widow and heirs of *Abner Womack* having been made parties defendant, after the partition, judgment was properly rendered against them, for their respective portions of the debt. *Judgment affirmed.*