65 So.2d 796

## CITY OF NEW ORLEANS v. DISABLED AMERICAN VETERANS et al.

No. 40852.

April 27, 1953.

Rehearing Denied June 1, 1953.

See also 222 La. 507, 62 So.2d 817.

Amós L. Ponder, Jr., New Orleans, for appellant.

Henry B. Curtis, City Atty., and Nelson S. Wooddy, Asst. City Atty., for plaintiff-appellee.

FOURNET, Chief Justice.

The City of New Orleans, availing itself of the provisions of the Uniform Declaratory Judgments Act, LSA–R.S. 13:4231–4246, instituted suit against the Disabled American Veterans and Disabled American Veterans, New Orleans Chapters, seeking to have declared null and void a lease dated June 12, 1933, affecting certain property belonging to the city. The trial judge, after overruling exceptions of no cause or right of action and plea of estoppel filed by the defendants, rendered judgment on the merits declaring the lease to be a nullity. The defendants have appealed.

The City of New Orleans, pursuant to the provisions of Act No. 232 of 1932, amending Section 8, subsection 14–A of the New Orleans charter of incorporation, Act No. 159 of 1912, as amended, by which the city was authorized to " * * * lease or give by donation to the Disabled American Veterans any building or land for veteran relief or club purposes if same be no longer necessary for governmental purposes", adopted its Ordinance No. 13,966 (May 19, 1933), authorizing the Mayor to lease to the defendants for a period of 35 years, eight certain lots of ground forming the entire frontage on S. Claiborne Avenue between Monticello Avenue and Mistletoe Street, the same being not then needed for any municipal purposes, in consideration of the payment of $1 per year and agreement of the lessees to keep the buildings insured at their face value, maintain the buildings in repair at their own expense, and assume responsibility for injuries suffered by anyone due to the condition of the premises or for any other reason. On June 12, 1933, before Robert Legier, Notary Public, the lease was formally executed and the defendants have been in possession since that date.

The basis for the action to have the lease declared null is three-fold: (1) the legislative act authorizing the city to make the lease is unconstitutional in that it violates Article 4, Section 12 of the Louisiana Constitution, providing "The funds, credit, property or things of value of the State, or of any political corporation thereof, shall not be loaned, pledged or granted to or for any person or persons, association or corporation, public or private;" (2) the consideration for the lease is not serious; and (3) the lease was not advertised and adjudicated to the highest bidder, as required by Section 56 of the City Charter.

We find no merit in these contentions. The act of the city in leasing this property was clearly not violative of the above constitutional provision. State v. Board of Com'rs of Port of New Orleans, 153 La. 664, 96 So. 510. In the cited case, wherein a similar transaction was involved, in disposing of the identical issue this Court observed: "The proposed sublease is not, within the meaning of the constitutional mandate, a loan, pledge, or grant, of any fund, credit, or thing of value, of the state or of the dock board." 153 La. at page 670, 96 So. 510, 512. Nor can the argument be sustained that the consideration was not sufficiently serious to support the contract. While it is true that under our Civil law $1 per year is not considered a serious consideration to support a contract, LSA–Civil Code, Art. 2464, here the defendants not only obligated themselves to pay the insurance premiums on a policy to cover the face value of the buildings and to maintain the buildings in repair, but they also assumed the risk for any injury or damage in respect to the property and undertook to relieve the city in the event of such claim. The contention that the lease is void because not advertised and adjudicated to the highest bidder is equally without merit, since the Legislature, in adopting the pertinent provisions of Act No. 232 of 1932, plainly contemplated that the requirements of the previously enacted City Charter that no sale or lease of city property could be undertaken except after thirty days' advertisement and free competitive bidding, with adjudication to the highest or lowest bidder, as the case may be, were not to be applied to this particular transaction.

For the reasons assigned, the judgment appealed from is annulled and set aside and the plaintiff's suit dismissed.

PONDER, J., recused.