YARRUT, Judge.
Plaintiff seeks a Declaratory Judgment (LSA-C.C.P. art. 1871 et seq.) to determine the validity of title to real estate he agreed to purchase from Defendant, Kare-Sue, Inc., the record owner. The other Defendants are predecessors in title of Kare-Sue, Inc., the latter having acquired the property from Dr. and Mrs. Benjamin Cromwell Gore, per act before Gordon B. Hyde, Notary Public, dated February 7, 1964, registered in St. Bernard Parish, C.O.B. 87, Folio 86; which was an undivided interest in a larger tract acquired by Dr. and Mrs. Gore from Mrs. Eleanor Taylor Roy, as per act registered C.O.B. 79, Folio 618; and another undivided interest in the larger tract acquired by Dr. and Mrs. Gore, et al, from Western Homes, Inc., as per act registered C.O.B. 76, Folio 445; and by Western Homes, Inc., from Water District No. 1 of the Parish of St. Bernard, Louisiana, as per act before Oliver S. Livaudais, Jr., Notary Public, dated August 10, 1960, registered in C.O.B. 76, Folio 430.
The basis of Plaintiff’s uncertainty of the validity of Kare-Sue, Inc.’s title which, he contends, makes it subject to future litigation, is the conveyance by Water District No. 1 of St. Bernard Parish to Western Homes, Inc., because Water District No. 1, a corporate political subdivision of the State, acted ultra vires in selling to Western Homes, Inc., at private sale, since Water District No. 1 had acquired the property as public land and, therefore, could not sell or otherwise dispose of it except by special authority of the Legislature, or by public auction after judicial advertisement.
The District Judge rendered judgment declaring Kare-Sue, Inc. had and could con *477 vey a valid and merchantable title to Plaintiff, and ordered reciprocal specific performance on the part of both in accordance with the terms of their written agreement of sale and purchase. The other Defendants were dismissed.
Water District No. 1 is admittedly an independent corporate political subdivision of the State, existing and created under the authority of the Constitution and the Legislature (La.Const. Art. XIV, Sec. 14; LSA-R.S. 33:3811-33:3835), and has authority to sell its idle, vacant and surplus lands, not dedicated for public use or forming part of its system, and such a sale is not a “grant” within the general prohibition of sale of public lands under Article 4, Sec. 12, of the Constitution. La.Constitution, Art. IV, Sec. 12 and Art. XIV, Sec. 14; LSA-R.S. 33:3811-33:3835; LSA-R.S. 33:4711; LSA-R.S. 39:557; City of New Orleans v. Dupuy Storage & Forwarding Corp., 215 La. 795, 41 So.2d 721; Board of Com’rs of Port of New Orleans v. New Orleans Public Service, Inc., 161 La. 741, 109 So. 408; State v. Board of Com’rs, 153 La. 664, 96 So. 510; Henderson v. City of Shreveport, 160 La. 360, 107 So. 139.
The Legislature has expressly authorized the various parishes of the State (through their respective Police Juries, as the governing authority of the Parish) to create Water Districts within their Parish (LSA-R.S. 33:3811), pursuant to which the Police Jury of St. Bernard Parish did lawfully create Water District No. 1, and constituted it:
“ * * * a 'body corporate in law, with all powers of a corporation, and all powers necessary for it to carry out the objects for which it was created * * * and shall own all sites which are acquired either by donation, purchase, expropriation, exchange or otherwise in full ownership.”
The jurisprudence is clear that corporate political subdivisions of the State, properly created under the authority of the Legislature, as was the Water District No. 1, with the broad powers and authority therein vested, have full and complete legal authority and capacity to sell their idle and surplus real property at private sale to a private corporation, notwithstanding there is no express or special authority as such in the Constitution or Statutes. Such corporate political subdivisions of the State not only have the authority to sell, but have the duty to sell and dispose of excess real property, and it is not necessary for the Legislature to say so in a special enactment. City of New Orleans v. Dupuy Storage & Forwarding Corp., cited supra; Board of Com’rs of Port of New Orleans v. New Orleans Public Service, Inc., cited supra; Henderson v. City of Shreveport, cited supra, and cases cited therein.
In Board of Com’rs of Port of New Orleans v. New Orleans Public Service, Inc., cited supra, the Board bought a vacant square of ground for building warehouses and other structures in aid of the port. It was later found not to be suitable and was never used, so the “Dock Board” decided to sell it at private sale to New Orleans Public Service, Inc.
The “Dock Board’s” authority to sell at private sale was questioned by New Orleans Public Service, Inc. on the ground the Board had no express legislative authority to sell. The court held that the “Dock Board” not only had sufficient implied authority to sell the square of ground, but had the duty to get rid of the idle investment and make a profit.
In City of New Orelans v. Dupuy Storage & Forwarding Corp., cited supra, the Public Belt Railroad Commission of New Orleans sought to sell at private sale to a private corporation certain idle and vacant land which had not been dedicated to public use. The purchasers questioned the authority of the Public Belt Railroad Commission to sell, since it had no authority to sell, and there was no procedure provided by the Constitution or Statutes for such a sale.
*478 Again, the Supreme Court held that, notwithstanding there was no special procedure or express authority by the Constitution or Statutes, the Public Belt Railroad Corporation, a political corporate subdivision, not only had the right to sell this idle land, but had the plain duty to do so.
In Henderson v. City of Shreveport, cited supra, plaintiffs, as resident taxpayers, sought to enjoin the School Board from selling, and the City from buying, a vacant lot which the School Board had bought with funds that were dedicated to the purchase of sites for school buildings, but which was afterwards found not suitable and not needed for such a purpose. There was no statutory authority for a School Board to sell real estate, except to “change the location of a schoolhouse, sell or dispose of the old site, and use the proceeds thereof toward procuring a new one.” The lot which the School Board was about to sell to the City had never been used as a schoolhouse site, and the proceeds of the sale were not intended to be invested then or immediately in a new site. Nevertheless, it was held that, as the School Board had no right to hold the vacant lot, and could be compelled by mandamus to dispose of it, after it was known to be of no use for school purposes, the Board had the necessary authority to sell it at private sale; and while the School Board has no right to acquire lands for any other than school purposes, it cannot hold land indefinitely for other than school purposes; and has the duty to divest itself thereof according to the judgment of the Board itself, if the land is unnecessary or unsuitable for school purposes.
Accordingly, the Commissioners of Water District No. 1 of the Parish of St. Bernard not only had the authority to sell their surplus lands as was done, but had the duty to do so in the exercise of good and proper judgment in the administration of the affairs for which the Water District was created.
The Declaratory Judgment of the District Court is therefore affirmed; Plaintiff to pay all taxable costs in both courts.
Judgment affirmed.