253 So.2d 107 (1971)
NORTHEAST LOUISIANA DETACHMENT OF MARINE CORPS LEAGUE, Plaintiff-Appellant,
v.
CITY OF MONROE, Louisiana, et al., Defendants-Appellees.
No. 11669.
Court of Appeal of Louisiana, Second Circuit.
September 8, 1971.
Rehearing Denied October 12, 1971.
Writ Refused December 2, 1971.
*108 Anthony J. Bruscato and Albert E. Loomis, Monroe, for plaintiff-appellant.
Haynes L. Harkey, Jr. and William F. Pipes, Jr., Monroe, for defendants-appellees.
Before BOLIN, HEARD and HALL, JJ.
En Banc. Rehearing Denied October 12, 1971.
HALL, Judge.
The matter to be resolved in this case is the validity of a lease granted in 1950 by the City of Monroe to the Northeast Louisiana Detachment of Marine Corps League. The Marine Corps League seeks to enjoin the City and its Commission Council members from interfering with its possession of the property purportedly leased to it and to recover damages for such interference. By reconventional demand the City seeks to have the lease declared invalid and unenforceable.
The district court rejected the demands of the Marine Corps League and held the lease to be invalid and unenforceable. The Marine Corps League has appealed.
In 1928, the City of Monroe purchased a 137.14 acre tract of land for $41,142. According to the resolution authorizing the purchase by the City, a suitable site for school purposes was to be reserved and the remainder of the property was to be used "for park purposes." This property became known as Bernstein Park and is now the site of a public zoo and recreational area.
In 1950, the City granted a ninety-nine year lease to the Marine Corps League covering a portion of this property described as being 3.21 acres more or less. The price and consideration for which the lease was made was stated to be $1.00 and "other good and valuable considerations to be received by the LESSOR as outlined hereafter." The lease further provided that the "LESSEE shall, at its own expense, erect on the property herein leased, a building having a value of not less than __________ to be used as the home and domicile of the Northeast Louisiana Detachment Marine Corps League, said building to be erected and completed not less than 4 years from date hereof." The blank space for the value of the building was not filled in. The lease also *109 provided that the lessee released the lessor from warranty for vices and defects on the premises or any building made thereon, and assumed all liability for any claims arising out of lessee's occupancy and operation of the leased premises.
A building was constructed by the Marine Corps League within a year after execution of the lease at a cost of approximately $8,000. Additions consisting of a porch and a bar-b-que pit were made in subsequent years. Since execution of the lease and construction of the building, the Marine Corps League has used the premises for its meetings and social and civic functions. On occasion, the premises have been used by other civic and church organizations under permission granted by the Marine Corps League.
The ordinance authorizing the lease by the City recites that the City "is desirous of promoting and assisting in the expansion of educational and recreational facilities", that after careful investigation it has been determined "the best interests of the citizens of Monroe will be served by the location of the home of the Northeast Louisiana Detachment Marine Corps League in Bernstein Park," and that "there is sufficient land available in Bernstein Park to lease a portion thereof * * * and still have remaining a sufficient amount of land to adequately serve present and future park purposes." The ordinance authorized the execution of the lease on behalf of the City for a term of ninety-nine years at a rental of $1.00, the lease to contain such other terms and conditions as in the lease itself, a copy of which was attached to the ordinance.
In 1957, a cyclone fence was erected by the City across the eastern portion of the tract described in the lease, separating the tract being used by the Marine Corps League from the property used by the City for zoo purposes. It was intended that the fence be located on the eastern boundary of the premises described in the lease but at the time the fence was erected a copy of the lease was not available and the fence was actually located well within the eastern boundary. The fence has remained in this position without objection by anyone until the present litigation and the City has been using that part of the premises described in the lease lying easterly of the fence as part of the zoo.
About two years prior to the institution of this suit, city officials decided the leased premises were needed for the expanding zoo and discussions were had with Marine Corps League officers in regard to the Marine Corps League vacating the property. These discussions were without result and in August, 1970, the City began fencing around the leased premises, leaving the Marine Corps League access to its building but by a difficult and unsuitable route. The City also began construction of some interior fences within the leased premises.
This suit was promptly commenced by the Marine Corps League seeking a temporary restraining order, preliminary injunction and ultimately a permanent injunction restraining the City from fencing the property under lease, ordering the City to remove the portions of the fence erected and prohibiting the City from interfering with plaintiff's full use and enjoyment of and peaceful possession of the property. Plaintiff also prayed for $5,000 damages for loss of use of the property. A temporary restraining order was issued and, after hearing, a preliminary injunction was granted restraining defendant "from beginning any new construction and/or renovation on all of the property presently leased to plaintiffs." By amended petition, plaintiff increased its claim for damages to $10,000. By answer and reconventional demand, the City generally denied the allegations of plaintiff's original and amended petition and prayed for judgment declaring the lease invalid and unenforceable on various grounds. After trial on the merits the district court recalled and dissolved the preliminary injunction and held the lease invalid and unenforceable.
*110 In written reasons for judgment, the district judge held that a price or rental of $1.00 is not serious or legal consideration and that whatever "civic" benefit the community may have received from the location of a veteran's or serviceman's organization on the property is neither spelled out or implied. The court further held that since there was no consideration for the lease, this amounted to a loan or grant of public property in violation of Article IV, Section 12 of the Louisiana Constitution. The court further held that public parks are property "in the public domain" which may not be diverted to other uses without specific legislative authority and the City's attempt to lease this property for private use was "ultra vires."
We affirm the decision of the district court for the reason that the lease of public property by the City was not supported by a serious or sufficient consideration. The lease is invalid and unenforceable under general principles of Louisiana law dealing with leases and obligations and also under the constitutional prohibition against loaning or granting public property for private purposes.
A lease is a synallagmatic contract by which one party gives to the other the enjoyment of a thing "at a fixed price." LSA Civil Code Article 2669. Three elements are essential to a valid leasethe thing, the price and the consent. LSA Civil Code Article 2670. Article 2671 provides that the price should be "certain and determinate" and Article 2674 requires a "certain stipulated price." Article 2464 sets forth the essential elements of the price of a sale and requires that the price must be "certain", "fixed and determined" and, most significantly, "serious" and "not to be out of all proportion with the value of the thing." The civil law doctrine embodied in Article 2464 applies to all other contracts as well as to sales. Blanchard v. Haber, 166 La. 1014, 118 So. 117 (1928).
One dollar per year has been held not to be a serious or sufficient consideration for a lease. Myers v. Burke, 189 So. 482 (La. App.1st Cir. 1939). See also City of New Orleans v. Disabled American Veterans, 223 La. 363, 65 So.2d 796 (1953).
The only "consideration" specified in the lease was an initial payment of one dollar by the lessee, an obligation to build a building of undetermined value for the lessee's use, and an assumption of liability for all claims arising out of the lessee's own use of the premises. As found by the trial judge, these provisions of the lease reveal no direct benefit to the City or the public generally and the evidence showed no other consideration not recited in the lease. While the Marine Corps League is to be commended for its patriotic objectives and activities, the lease contained no obligation on the part of the League to perform any civic duties, or to make the premises available for public use. The evidence does not show a significant civic benefit to the community from the use of the premises in relation to the rights granted by the City, that is, the exclusive enjoyment of a substantial tract of public property for ninety-nine years.
Counsel for the Marine Corps League urges vigorously and ably that the lease is supported by adequate consideration and relies heavily on City of New Orleans v. Disabled American Veterans, cited supra. In City of New Orleans, the City was authorized by legislative act to lease or give by donation to the Disabled American Veterans any building or land for veteran relief or club purposes if same be no longer necessary for governmental purposes. Pursuant to the act and an ordinance declaring the property not needed for municipal purposes, the City leased eight lots with the existing buildings thereon for a term of thirty-five years in consideration of the payment of $1.00 per year and the agreement of lessee to keep the buildings insured at face value, to maintain the buildings in repair at lessee's expense, and to assume responsibility for injuries to any one due to the condition of the premises. In an action by the City to declare the *111 lease null and void, the Supreme Court held that the action of the City did not violate Article IV, Section 12 of the Constitution and that the consideration was sufficiently serious to support the lease contract, emphasizing the lessee's agreement to keep the existing buildings insured, in good repair, and to hold the City harmless from liability due to the condition of the buildings. The difference between the consideration for the lease in the City of New Orleans case and in the instant case is, perhaps, a matter of degree but, in our opinion, a matter of significant degree. In City of New Orleans the agreement of the lessee in regard to existing buildings owned by the City was of obvious economic and practical advantage and benefit to the City. In the instant case, there was no advantage or benefit to the City or the public arising from the lessee's agreements relating to a building to be constructed for the lessee's own use on land owned by the City.
Appellant also urges that the whole purpose of the agreement is to be taken into account in determining the adequacy of consideration, citing Hebert v. Police Jury of West Baton Rouge Parish, 200 So.2d 877 (La.App. 1st Cir. 1967), writ refused 250 La. 1032, 201 So.2d 520. In Hebert, the validity of leases by the police jury to industrial firms pursuant to the "industrial inducement law" was sustained. The court found substantial and serious consideration consisting of the inducement of industry to locate in the parish with the multiple economic, employment, tax-producing and other benefits flowing therefrom. Applying the principle of the Hebert case to the instant case and taking into account the whole purpose of the agreement in this case, we, nevertheless, are unable to find any real or serious consideration or benefit to the City of Monroe flowing from this agreement.
Appellant contends that even if the lease is invalid it is entitled to damages because of the City's disturbance of its possession without recourse to orderly legal proceedings. Appellant relies on LSA Civil Code Articles 2692 and 2696 and cases dealing with eviction of a lessee by a lessor.
Having found that the lease here was invalid, there was no lessor-lessee relationship between the City and the Marine Corps League and the codal articles and cases cited by appellant are not applicable. Myers v. Burke, supra.
The right of appellant to remove the improvements placed by it on the premises or to recover the value thereof has not been made an issue in this proceeding and we express no opinion in this regard.
The City has urged other grounds for invalidity of the lease. Specifically, the City contends (1) the ordinance authorizing the lease was not properly advertised pursuant to Act 314 of 1946 (nor LSA R. S. 33:4712) and (2) the action of the City was ultra vires in that a public park, being property in the public domain, cannot be diverted to another use. Having determined that the purported lease is invalid for lack of serious consideration, it is unnecessary for us to consider these other issues.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.