Dear Mr. Daigle:
You have requested an opinion of the Attorney General in your capacity as legal advisor to the Assumption Parish Police Jury ("Parish") regarding the potential sale of the Assumption General Hospital ("Hospital"), presently being operated by the Hospital Service District No. 1 ("District").
You state that over the years, due to the lack of patient census, the Hospital has lost money and is presently in poor financial condition. As a result of its financial condition, the Board of Commissioners (the "Commissioners") for the District published a notice of intent to enter into a special service agreement to manage, operate or administer the Hospital. As a result of this notice, several proposals were made to the District from various private institutions.
One of these proposals came from Our Lady of the Lake Regional Medical Center (the "Center") in Baton Rouge, Louisiana. The Center has offered to purchase the Hospital for approximately One Million Dollars ($1,000,000), with the commitment to operate, at least, the emergency room for a minimum of five years.
You first ask whether the Louisiana Public Bid law applies to the sale of a revenue producing facility such as the Hospital. As you are aware, R.S. 38:2211, et seq., comprise Louisiana's bid laws. Generally, they are applicable to the costs associated with the construction of public works and the purchase of materials and supplies. Accordingly, they are not applicable to the Parish's sale of the Hospital.
Your second question is predicated upon the application of the bid laws to this transaction. Having determined the bid laws to be inapplicable, we move on your third question regarding the District's negotiations with the Center. You specifically ask whether the District may negotiate for the sale of the Hospital to the Center for a price that all parties deem fair under the circumstances, although said price may not be equivalent to the full market value.
We find nothing to prohibit the District from negotiating with the Center for the sale of the Hospital. Although there is no specific statutory authority for the private sale of the hospital, our courts have recognized that a hospital service district has full and complete legal authority to sell its idle and surplus real property at private sale. Alexis, Jr. v.Kare-Sue, Inc., et al., 187 So.2d 476
(La.App. 4th Cir. 1966). It is not necessary that the purchase price constitutes the full fair market value. However, the negotiated price should be sufficient enough so that the transaction does not constitute a violation of Article VII, Section 14 of the 1974 Louisiana Constitution. We recommend that the purchase price be reasonable in comparison to an independent appraisal of the property.
Your final question asks whether a referendum is necessary for the consummation of the transaction. This issue has been previously addressed in Attorney General Opinion No. 94-443. As that opinion correctly notes, the Hospital falls within the definition of a "revenue-producing public utility" as that term is defined in R.S. 33:4161. As such, it is subject to R.S.33:4341 pertaining to the sale of revenue-producing utility property. Section 4341(A) provides, in pertinent part, the following:
 "A. Any . . . political subdivision or taxing district . . . may sell or lease any revenue-producing properties owned by it, . . . provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed."
As can be seen from the above, the sale of the Hospital will require a referendum pursuant to the requirements set forth in Sections 4341 through 4348.
It is my understanding that the Parish is currently represented by legal counsel in connection with both the referendum and the sale of the property. We recommend that the Parish continue this representation to insure that both the referendum and the sale are correct as to form and legality.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General