Dear Mr. Lawrence:
You have requested an opinion of the Attorney General, in your capacity as legal advisor to the Morehouse Parish Hospital Service District No. 1 ("District") regarding the sale of a parcel of District-owned surplus immovable property to a physician desiring to construct a medical practice thereon.
The immovable property in question constitutes a portion of a larger parcel of land acquired by the District for the purpose of assisting physicians in the development of medical practices in close proximity to the hospital's campus. The physician in question possesses staff privileges at the District-owned hospital, admits and treats patients at the facility and is one of the few physicians on the active medical staff who practices in his area of speciality.
You further state that, as a part of the District's strategic plan, it seeks to recruit outstanding physicians to serve the medical needs of those in the rural setting of the Parish. Assisting physicians who move to this location in the development of their medical practices is consistent with this plan.
Given the above scenario, you ask our opinion as to whether it is legally permissible for the District to convey ownership of surplus land to a physician upon which the physician will construct facilities to house a medical practice.
As you correctly note, our legislature has recognized that the market for hospital and health care services has become increasingly competitive, and that hospital service districts are at a competitive disadvantage. Consequently, R.S. 46:1071, etseq., was enacted to facilitate contracts and/or joint ventures for hospital health services. While we have found no specific statutory authority for the private sale of the District's surplus immovable property, we find nothing to prohibit the District from negotiating the sale of such property to a physician. Our courts have recognized that an independent political subdivision of the state has full and complete legal authority to sell its idle and surplus real property at private sale. Alexis, Jr. v. Kare-Sue, Inc., et al., 187 So.2d 476
(La.App. 4th Cir. 1966). The District should, of course, declare the property to be surplus and should obtain an independent appraisal of same. We further recommend that the purchase price be reasonable in comparison to the appraisal so that the transaction does not constitute a violation of Article VII, Section 14 of the 1974 Louisiana Constitution.
We also draw your attention to R.S. 33:4341 (A) which provides, in pertinent part, the following:
 "A. Any . . . political subdivision or taxing district . . . may sell or lease any revenue-producing properties owned by it, . . . provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed."
This office has previously recognized that hospital service districts constitute "revenue-producing public utilities" as that term is defined in R.S. 33:4161. Accordingly, if the District determines that the immovable property constitutes a "revenue-producing property", its sale would require a referendum pursuant to the requirements set forth in Sections 4341 through 4348.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla