Dear Commissioners:
You have requested an opinion from this office addressing (1) whether the Greater Baton Rouge Port Commission can sell immovable property, (2) whether the Commission can sell immovable property with seller-financing, and (3) whether the Commission can lease its immovable property and provide the lessee with an option to purchase the property for a nominal price at the end of the lease term. Your request has been assigned to the undersigned Assistant Attorney General for response.
Prior to the adoption of the Louisiana Constitution of 1974, the Greater Baton Rouge Port Commission was an agency of the executive department of the State of Louisiana and title to all property and improvements thereon operated by the Greater Baton Rouge Port Commission was vested in the State of Louisiana. See, La. Const. (1921), Art. 6, §§ 29.1 to 29.4 La. R.S. 34:1223(C) and Miller v. Greater Baton Rouge Port Comm'n, 225 La. 1095,74 So.2d 387 (1954).
With the adoption of the 1974 Constitution, the status of the Port Commission was changed from an agency of the state to a political subdivision. La. Const. Art. VI, §§ 43 and 44 and Art. XIV, § 19. See, also, Board of Commissioners of the Portof New Orleans v. Louisiana Commission on Ethics for PublicEmployees, 416 So.2d 231 (La.App. 1st Cir. 1982), writ denied,421 So.2d 248 (La. 1982).
Although the current La. R.S. 34:1223(C) provides in pertinent part that title to all property and improvements thereon operated by the Port Commission shall be vested in the State of Louisiana, effective July 13, 1985 La. R.S. 34:340.11 provides, as follows:
 Notwithstanding any other law to the contrary, title to property and improvements thereon acquired by a port, harbor, or terminal district shall vest in the district. (Underscoring added)
La. R.S. 34:1223, setting forth the rights and powers of the Board of Commissioners of the Greater Baton Rouge Port Commission, does not specifically include the power to sell immovable property. In subparagraph (C) of the statute, the board is given the power to ". . . construct or acquire and equip wharves and landings and other structures . . ." and to ". . . construct or acquire, maintain and operate basins, locks, canals, warehouses and elevators . . ." and to ". . . construct, own, operate and maintain terminal rail facilities and other common carrier rail facilities for the purpose of rendering rail transportation to and from the facilities to be erected, owned and operated by the commission . . ." It has been held that corporate political subdivisions of the state have the authority and duty to sell excess immovable property and special legislative authority is not necessary. See, Alexis v. Kare-Sue,Inc., 187 So.2d 476 (La.App. 4th Cir. 1966).
Further authority for the sale of immovable property can be found in Article VI, Section 21 of the Louisiana Constitution. It provides that the legislature may authorize any political subdivision, deep-water port commission, or deep-water port, harbor, and terminal district to acquire, improve, sell, lease, lease-purchase or demolish industrial plant sites and other property necessary to the purposes thereof, and industrial plant buildings, among other things, for inducing the location of or addition of industrial enterprises therein. While authority to sell, lease or otherwise dispose of such sites was granted by the legislature through La. R.S. 33:4717.2, that authority was only granted to those political subdivisions which are permitted by law to own land, buildings or other property for industrial inducement purposes. La. R.S. 39:991 permits political subdivisions authorized to issue bonds under La. R.S. 34:340.2, among others, to issue revenue bonds to acquire industrial plant sites in order to encourage the location of or addition to industrial enterprises therein or adjoining thereto and to sell such sites to enterprises locating or existing within or adjoining such subdivision. La. R.S. 34:340.2 authorizes port, harbor and terminal districts to issue negotiable bonds, with the approval of the State Bond Commission. Since the Greater Baton Rouge Port Commission is authorized to issue bonds pursuant to La. R.S. 34:340.2, it is permitted to issue bonds for acquisition of property for industrial inducement purposes under La. R.S.39:991. Consequently, it is the opinion of this office that both La. R.S. 33:4717.2 and La. R.S. 39:991 stand as authority for the Greater Baton Rouge Port Commission to sell property for industrial inducement purposes.
Regardless of the authority of the Greater Baton Rouge Port Commission to sell immovable property, the second and third questions you present must be answered negatively. Article VII, § 14 of the Louisiana Constitution provides, in pertinent part:
 Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
It is the opinion of this office that the foregoing provision precludes the commission from providing any form of financing, whether it be in the form of a conventional seller-financed sale or a "lease-purchase" agreement.
If we can be of any further assistance to you, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ RANDALL A. KARR Assistant Attorney General
RPI/RAK/dra