Dear Mr. McCorquodale:
This office is in receipt of your letter, dated May 9, 2001, wherein you request clarification of findings first presented in Attorney General Opinion No. 01-06. More specifically, you have asked "whether or not it is legal for the Law Enforcement District to sell its immovable property by private sale."
In reiteration of the conclusion reached in our original opinion, Attorney General Opinion No. 01-06, the Constitution and Statutes are silent with respect to whether a special district, such as the Calcasieu Parish Law Enforcement District, is allowed to dispose of its surplus immovable property by private sale.
In the strictest sense, it appears there is nothing illegal with regard to a political subdivision of the state selling its surplus immovable property at private sale. Indeed, the jurisprudence provides that corporate political subdivisions of the state, properly created under the authority of the legislature, with the broad powers and authority therein vested, have full and complete legal authority and capacity to sell their idle and surplus real property at private sale to a private corporation, notwithstanding there is no express or special authority as such in the Constitution or Statutes. Alexis v. Kare-Sue, Inc., 187 So.2d 476, 477, (La.App. 4 Cir. 1966)
Notwithstanding the foregoing determination, our initial opinion was, and remains, that as a matter of public policy, "the proposed sale of surplus immovable property should be made public." This position is in keeping with prior opinions issuing from this office holding that the private sale of public land is, for obvious reasons, not encouraged.(for sale procedures consistent with this opinion see Attorney General Opinion No. 87-107, copy enclosed.)
We hope this opinion sufficiently addresses your concerns and if we may be of further assistance, please advise.
With kindest personal regards, I remain
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KEVIN L. HANCHEY Assistant Attorney General
OPINION NUMBER 87-107
July 8, 1987
77 — Officers 107 — Sheriffs
Sheriff has the inherent authority to sell immovable property no longer needed for public purposes and may do so under the procedures established for the sale of public lands (R.S. 41:131 et seq) and the procedures established for judicial sales.
Art. V, Sec. 27, Const. of 1974 R.S. 41:131 et seq. R.S. 13:4341; R.S. 43:201
R.S. 5:181-183; R.S. 9:3001 et seq; C.C. Art. 2616 et seq.
Mr. A.R. Hodgkins, Jr. Chief Civil Deputy Calcasieu Parish Sheriff's Office Post Office Box V Lake Charles, Louisiana 70602
Dear Mr. Hodgkins:
This is in response to your letter of February 5, 1987, regarding the procedures under state law for the sale of immovable property owned by the Calcasieu Parish Sheriff's Department.
In your letter, you advised that the United States Marshal's Service deeded a parcel of real estate to the Calcasieu Parish Sheriff's Department and that it is desired that this property now be sold at the highest possible price. You asked whether the property may be listed with a realtor as an alternative to following the public advertisement and bid procedure.
While the Legislature has enacted laws providing with respect to the sale of property owned by municipalities (R.S. 33:4712); for the sale of property owned by parish governing authorities (R.S. 48:712); and for property owned by police juries (R.S. 33:4711), we are unable to find any specific statutory authority which applies particularly to the sale of immovable property owned by the Sheriff's Department. Accordingly, the most analogous provisions of law which would apply to this situation may be found in R.S. 41:131 and following, providing with respect to the sales of public lands owned by the State and requiring that such sales take place only after specified advertising and bidding procedures. The sheriff would conduct the sale according to the procedures established for judicial sales in R.S. 13:4341; R.S. 43:201 et seq.; R.S. 5:181-183, and related statutes.
We believe that the Sheriff of each parish has the inherent authority to determine that a particular piece of immovable property is no longer needed for public purposes and may therefore sell it, but according to the cited procedures for public advertisement and bidding. Prior opinions have held that a police jury may not sell immovable property at private sales, but only according to the public bid law. See for instance, Report and Opinions by the Attorney General, 1944-46, page 677. See also Report and Opinions of the Attorney General, 1936-38, page 719-720, indicating that such sales should be by public auction and to the highest bidder; and Opinion Number 80-771, holding that a police jury may only sell immovable property through public advertising and bidding.
Therefore, since the immovable property proposed to be sold is owned by an agency of the State, it should be sold only pursuant to public advertising and bidding under the provisions of R.S. 41:131, et seq. Specifically, under R.S. 41:134C, it is provided that such property shall be sold to the highest bidder paying the price of the adjudication. The cited statutes pertaining to judicial sales should also be followed.
For your review, we are enclosing copies of the opinions referred to above.
I hope this information is of help to you and if we may be of further assistance, please call upon us.
Very truly yours,
 William J. Guste, Jr. Attorney General
 By: __________________________ Gary L. Keyser Assistant Attorney General