In re Appropriation of Property for Highway Purposes:
Dir. of Highways, Appellant, *v.* Kleines et al., Appellees.

(No. 73-501—Decided June 26, 1974.)

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar; Mr. John L. Wolfe, Mr. Edward J. Wood* and *Mr. Harry N. Kandel,* for appellant.

*Brouse & McDowell Co., L. P. A., Miss Linda B. Kersker* and *Mr. Andrew J. Michaels,* for appellees.

O'NEILL, C. J. Appellant frames the issue in this appeal in a single proposition of law, as follows:

"Under Civil Rule 42(A), the Common Pleas Court has no discretion to consolidate appropriation cases filed under Chapter 5519, Revised Code, without the consent of both the property owner and the state of Ohio. It is an abuse of discretion for the trial court, without the consent of the Director of Highways, to consolidate four cases for trial involving four separate and distinct parcels of land and four separate and distinct property owners, even though the property owners are in some sense related by either blood or marriage. * * * "

Two similar statutes are relevant to this inquiry, R. C. 5519.02 and 163.09.

R. C. 5519.02 provides, in part:

"If the owners of more than one parcel appeal, the court may, with the consent of the parties, order the cases to be consolidated and tried together, but the rights of each owner as to compensation, or damages, or both, shall be separately determined by the jury in its verdict."

R. C. 163.09(E) reads:

"(E) The court may, with the consent of the parties, order two or more cases to be consolidated and tried together, but the rights of each owner to compensation, damages, or both shall be separately determined by the jury in its verdict."

Both of the foregoing statutes require that the parties consent as a condition precedent to the consolidation of appropriation cases.

In *Thormyer* v. *Evans Ice Cream Co.* (1958), 167 Ohio St. 463, it was held, in paragraph one of the syllabus:

"Under the provisions of Section 5519.02, Revised

Code, the appellants in a proceeding to appropriate property shall be considered as one party and the highway director as one party."

Appellant asserts that the quoted statutes and the holding in *Thormyer* require the consent of the director as a condition precedent to consolidation.

Both R. C. 5519.02 and 163.09 antedate the Civil Rules, which went into effect in 1970. Civ. R. 42(A) provides:

"When actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all the matters in issue in the actions; it may order some or all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Civ. R. 42(A) indicates that consent of the parties is not a condition precedent to consolidation ordered pursuant to that rule. Thus, if Civ. R. 42(A) is applicable, the consent of the director is not required.

It is appellant's position that Civ. R. 42(A) has not affected the statutes in question. Civ. R. 1(C) provides:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in the appropriation of property * * *."

As pointed out in the Staff Note to Rule 1(C) of the Rules of Civil Procedure, "special statutory proceedings are excluded from the operation of the rules only 'to the extent that these rules would by their nature be clearly inapplicable . . . .' "

The thrust of Civ. R. 42(A) is to vest discretion in the Court of Common Pleas to determine whether consolidation of cases is to be permitted where the circumstances specified in the rules exist. The purpose of the rule is "to avoid unnecessary costs or delay" in the interests of judicial efficiency. In the instant case, the Court of Common Pleas considered that factor, and observed that "not to consolidate would mean that this court would have to be exposed to four jury trials, rather than one * * *."

320

In the opinion of this court, the management of cases lies within the discretion of the court, and not with the parties so long as the rights of the parties are adequately protected. This court concludes that, notwithstanding the provisions of R. C. 5519.02 and 163.09, Civ. R. 42(A) is not "clearly inapplicable" to the consolidation of causes in appropriation cases, and that the consent of the parties is not essential to the issuance of an order of consolidation by the trial court in cases falling within the purview of Civ. R. 42(A).

This court must now determine whether the consolidation ordered in the instant case is permissible under the provisions of Civ. R. 42(A).

The rule permits consolidation only in "actions involving a common question of law or fact."

The only things which the property owners herein have in common are their family relationships and their residence in the same neighborhood. There is no common interest in the ownership of all of the property to be appropriated (see *Greater Baton Rouge Port Comm.* v. *Morley* [1957], 232 La. 87, 93 So. 2d 912), nor are the properties being used for a common purpose. Furthermore, there appears to be no issues of law requiring judicial interpretation which are common to all the property owners. Therefore, the requisites of Civ. R. 42(A) for consolidation are not present in the instant case and the Court of Common Pleas erred in ordering consolidation of the cases for trial.

The judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas, is reversed and the causes are remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.