[Cite as *In re McCauley Irrevocable Trust*, 2014-Ohio-5123.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: CLETUS P. & MARY A. | : | JUDGES: |
| MCCAULEY IRREVOCABLE TRUST | : | |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2014CA00031 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County
Common Pleas Court, Probate
Division 208532, 219397

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     November 18, 2014

APPEARANCES:

For Plaintiffs-Appellants

CRAIG T. CONLEY
604 Huntington Plaza
220 Market Ave. South
Canton, OH 44702

For Defendant-Appellee

JOHN R. FRANK
T.K. Harris Building, Suite 102A
3930 Fulton Drive, NW
Canton, OH 44718

*Baldwin, J.*

{¶1}    Appellants Emily R. Clark and Jennifer M. Fricke, trust beneficiaries of the Cletus P. & Mary A. McCauley Irrevocable Trust, appeal a judgment of the Stark County Probate Court consolidating Probate Case Nos. 208532 and 219397, and appeal a judgment denying their motion for an immediate transfer of trust assets.  Appellee is John R. Frank, Second Successor Trustee of the trust.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}    Paula Clark is one of four children of Mary and Cletus McCauley. Appellants Emily R. Clark and Jennifer M. Fricke are the daughters of Paula Clark.

{¶3}    A will executed by Cletus and Mary on May 29, 2007 gave specific sums of money to their children. The remainder was to pour over into the Cletus P. McCauley Trust. Also on May 29, 2007, Cletus and Mary created an Irrevocable Trust Agreement that primarily benefited their disabled adult son Kevin during his lifetime.

{¶4}    Mary McCauley died on August 9, 2008. Cletus McCauley died on December 23, 2008. Paula Clark was appointed to serve as the Executrix and opened Cletus McCauley's estate in the Stark County Probate Court on December 30, 2008. Raymond McCauley was appointed the Trustee of the McCauley Irrevocable Trust. On September 15, 2008, Paula Clark was appointed the first successor trustee for the McCauley Irrevocable Trust because of Raymond McCauley's health issues.

{¶5}    Case No. 208532 was filed on March 24, 2010, by Kevin McCauley's court-appointed guardians, seeking removal of Ms. Clark as first successor trustee, as well as an accounting and damages for breach of fiduciary duty.  Ms. Clark resigned,

and the Probate Court appointed appellee as second successor trustee on November 18, 2010. The case against Paula Clark was then stayed due to her filing for bankruptcy.

{¶6} Kevin McCauley passed away on September 6, 2013. On September 20, 2013, appellants filed a declaratory judgment action in the Stark County Common Pleas Court General Division under Case No.2013CV02559, alleging that appellee as second successor trustee breached his fiduciary duties to the trust beneficiaries. On November 8, 2013, the General Division transferred the declaratory judgment action to the Probate Court to be consolidated with Probate Case No. 208532. On November 21, 2013, appellants filed a declaratory judgment action against appellee in Probate Court Case No. 219397. The trial court determined that General Division Case No.2013CV02559 should be consolidated with Probate Court Case No. 219397, instead of Case No. 208532. On February 3, 2014, the trial court consolidated Case No. 208532 with Case No. 219397. The judgment consolidating the cases is the subject of this appeal.

{¶7} On January 22, 2014, appellants filed a motion for immediate transfer of trust assets in Case No. 219397. The court overruled the motion, and appellants filed an appeal from this judgment. However, on July 15, 2014, Judge Stormer sitting by assignment in Case No. 220494, responded to appellee's request for instructions by ordering the distribution of one half of the trust's balance, or $129,000, to the beneficiaries.

{¶8} Appellants assign two errors:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING, BY AND THROUGH ITS CONSOLIDATION BELOW OF TWO CASES, APPELLANTS' MOTION TO DISMISS.

{¶10} "II.   THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR IMMEDIATE TRANSFER OF TRUST ASSETS."

I.

{¶11} In their first assignment of error, appellants argue that the court erred in denying their motion to dismiss on the grounds of lack of subject matter jurisdiction, and also argue that the court abused its discretion in consolidating Case Nos. 208532 and 219397 because they lacked commonality of parties and issues.

{¶12} In their reply brief, appellants concede that the court had jurisdiction over the trust pursuant to this Court's decision in *In re Cletus P. McCauley and Mary A. Mcauley Irrevocable Trust,* 5th Dist. Stark No. 2013CA00237, 2014-Ohio-3489.

{¶13} Appellants also argue that the court erred in consolidating the two cases because of lack of commonality of parties and issues.

{¶14} A consolidation of cases lies within the sound discretion of the trial court. *Director of Highways v. Kleines*, 38 Ohio St.2d 317, 313 N.E.2d 370 (1974). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} Consolidation of cases is controlled by Civ.R. 42(A), which states, "When actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all the matters in issue in the actions; it may order some or all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

{¶16} The trial court found that the issues in the two cases are identical or closely related, as both include a demand for accounting, a demand for distribution, an alleged breach of fiduciary duty, and a request for removal of the trustee. The court noted that counsel for appellants acknowledged that the issues pending in Case No. 208532 could be heard in Case No. 219397. Further, litigation surrounding the McCauley estate and/or trust has resulted in multiple case filings in the Probate Court, the Common Pleas Court General Division, and this Court. The trial court did not abuse its discretion in consolidating the instant cases based on their commonality of issues and the court's intention to streamline the litigation surrounding the trust.

{¶17} The first assignment of error is overruled.

II.

{¶18} In their second assignment of error, appellants argue that the trial court erred in overruling their motion for a distribution of trust funds.

{¶19} In Case No. 220494, also involving the subject trust, Judge Stormer ordered a distribution of one half of the balance of the trust funds to the beneficiaries, including appellants herein. Because appellants received the distribution in a companion case, the court's failure to order distribution in this case is moot.

{¶20} The second assignment of error is overruled.  The judgment of the Stark County Common Pleas Court, Probate Division, is affirmed.  Costs assessed to appellants.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.