[Cite as *In re T.M.*, 2016-Ohio-4964.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 103899

---

## IN RE: T.M.
## A Minor Child

[Appeal By T.M., Mother]

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 15906440

**BEFORE:** Keough, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Tamara M. Reeves
Assistant Prosecuting Attorney
Cuyahoga Jobs and Family Services
8111 Quincy Avenue
Cleveland, Ohio 44104

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Appellant-mother ("mother"), appeals from the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, granting permanent custody of her minor child, T.M., to appellee, the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the reasons that follow, we affirm.

{¶2} In October 2013, mother pleaded guilty to drug possession and was sentenced to two years of community control sanctions. In June 2014, after testing positive for PCP, her community control was revoked and she was ordered to serve nine months in prison. At the time of the revocation, mother was pregnant; on November 10, 2014, she gave birth to T.M. while incarcerated.

{¶3} On November 13, 2014, the juvenile court issued an emergency custody order that placed T.M. in the predispositional temporary custody of CCDCFS. T.M. was placed in the same foster home as her younger twin sisters, who were previously removed from mother's care in 2013 when the twins were born at 24 weeks.

{¶4} In July 2015, the trial court held an adjudication hearing where mother was present. Mother admitted to the allegations in the amended complaint and the trial court adjudicated T.M. a dependent child.

{¶5} On November 13, 2015, the trial court held a joint dispositional hearing for T.M. and her twin sisters. Following the hearing, the trial court granted permanent custody of all three children to CCDCFS and terminated the parental rights of both mother and father.

{¶6} Mother appeals, raising three assignments of error challenging only the permanent custody disposition of T.M.[1]

Consolidation

{¶7} In her first assignment of error, mother contends that the trial court erred in consolidating all of the cases and interchanging evidence between cases to arrive at a determination of permanent custody. She claims she was denied due process of law.

{¶8} First, we note that the record does not indicate that the cases were ordered consolidated pursuant to Civ.R. 42. Each case retained its own case number and case name. The record reflects that the court held a joint disposition hearing for all three children. No objection was raised regarding the court considering these cases together prior to the court conducting the hearing.

{¶9} In the event that the cases were implicitly consolidated, we find no abuse of discretion by the trial court. Just as there is no juvenile rule that specifically allows consolidation, there is no juvenile rule that prohibits such consolidation. Civ.R. 42(A)(1) provides that "if actions before the court involve a common question of law or fact, the court may, (a) join for hearing or trial any and all matters at issue in the actions; (b) consolidate the actions; or (c) issue any other orders to avoid unnecessary cost or delay."

{¶10} As the Ohio Supreme Court noted,

[T]he thrust of Civ. R. 42(A) is to vest discretion in the Court of Common Pleas to determine whether consolidation of cases is to be permitted where

---

[1]Father is not a party to this appeal. Therefore, no facts will be discussed regarding father's participation, or lack thereof, in his case plan or with the children.

the circumstances specified in the rule exists. The purpose of the rule is to avoid unnecessary costs or delay in the interests of judicial efficiency. * * * The management of cases lies within the discretion of the court, and not with the parties so long as the rights of the parties are adequately protected.

(Quotes omitted). *Dir. of Highways v. Kleines*, 38 Ohio St.2d 317, 319-320, 313 N.E.2d 370 (1974); *Garrett v. Cook*, 8th Dist. Cuyahoga Nos. 40879 and 40880, 1980 Ohio App. LEXIS 11413, *6-7 (Apr. 17, 1980).

{¶11} In this case, the court had before it three cases where the children, all sisters, were each adjudicated dependent and placed in the emergency custody and temporary custody of CCDCFS. The parties to the cases were the same. Mother was the biological mother of all three children, and the alleged father of T.M. was the established father of the twins. Furthermore, the children resided with the same foster mother for over a year, the guardian ad litem for the children was the same, and the social worker assigned to mother and father's case plan was the same. Accordingly, all cases had interrelated factual situations and thus common questions of fact.

{¶12} Moreover, in these cases, the court was making a determination of permanently terminating parental rights of both mother and father, and making the determination of whether permanent custody should be granted to CCDCFS. Therefore, the court also had common questions of law. Accordingly, because the trial court had to determine common questions of law and fact, the court did not abuse its discretion by considering the cases together for disposition.

{¶13} Furthermore, mother was not denied due process of law. She received notice of the disposition hearing. She was represented by counsel who had an

opportunity to cross-examine the agency's witnesses and call witnesses on her behalf. No objection was raised regarding the consideration of the cases together for the disposition, and the hearing transcript does not indicate any element of surprise indicating that mother was unaware that the hearings would occur together.

{¶14} Finally, we note that, unlike on appeal where mother is only appealing the trial court's determination of permanent custody of T.M., mother was opposing the grant of permanent custody for all three children. Therefore, the trial court was looking at all the facts and circumstances in deciding whether mother would be able to care for three infants, including two with severe medical issues and needs. The court could not piecemeal the testimony when mother was opposing all three requests for permanent custody.

{¶15} Accordingly, we find that the trial court did not abuse its discretion in hearing the cases together at the disposition hearing. Mother's first assignment of error is overruled.

## Manifest Weight of the Evidence

{¶16} In her second assignment of error, mother contends that the trial court's finding for permanent custody was against the manifest weight of the evidence.

{¶17} When reviewing a trial court's judgment in child custody cases, the appropriate standard of review is whether the trial court abused its discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 85, 630 N.E.2d 665 (1994). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "When reviewing the trial court's custody decision, an appellate court must make 'every reasonable presumption in favor of the lower court's judgment and finding of facts.'" *In re M.S.,* 8th Dist. Cuyahoga No. 101693, 2015-Ohio-1028, ¶ 6, quoting *In re Brodbeck*, 97 Ohio App.3d 652, 659, 647 N.E.2d 240 (3d Dist.1994).

{¶18} Termination of parental rights is an alternative of last resort but is sanctioned when necessary for the welfare of a child. *In re Wise*, 96 Ohio App.3d 619, 624, 645 N.E.2d 812 (9th Dist.1994). Before a juvenile court may terminate parental rights and award permanent custody of a child, it must find by clear and convincing evidence that (1) the grant of permanent custody to the agency is in the best interest of the child; and (2) either the child (a) cannot be placed with either parent within a reasonable period of time or should not be placed with either parent if any one of the factors in R.C. 2151.414(E) are present; (b) is abandoned; (c) is orphaned and no relatives are able to take permanent custody of the child; or (d) has been in the temporary custody of one or more public or private children services agencies for twelve or more months of a consecutive twenty-two month period. R.C. 2151.414(B)(1).

{¶19} "Clear and convincing" evidence is more than a mere "preponderance of the evidence," but does not rise to the level of certainty required by the "beyond a reasonable doubt" standard in criminal cases. *In re Awkal*, 95 Ohio App.3d 309, 315, 642 N.E.2d 424 (8th Dist.1994), citing *Lansdowne v. Beacon Journal Publishing Co.*, 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979 (1987). It produces in the mind of the trier of fact a firm

belief or conviction as to the facts sought to be established. *Id.* Where clear and convincing evidence is required at trial, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the degree of proof. *In re T.S.*, 8th Dist. Cuyahoga No. 92816, 2009-Ohio-5496, ¶ 24, citing *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *In re Starkey*, 150 Ohio App.3d 612, 2002-Ohio-6892, 782 N.E.2d 665, ¶ 16 (7th Dist.).

{¶20} In this case, the trial court determined that the second prong of R.C. 2151.414(B)(1) was satisfied because T.M. could not be placed with either parent within a reasonable period of time or should not be placed with her parents. R.C. 2151.414(B)(1)(a). When making this determination, the court must consider the factors contained in R.C. 2151.414(E). The existence of any one of these factors is sufficient to determine that a child cannot be placed with a parent within a reasonable period of time. *In re C.C.*, 187 Ohio App.3d 365, 2010-Ohio-780, 932 N.E.2d 360, ¶ 10 (8th Dist.), citing *In re William S.*, 75 Ohio St.3d 95, 661 N.E.2d 738 (1996).

{¶21} Upon review of the trial court's journal entry and findings of fact, we glean that the court determined factors (1) and (4) of R.C. 2151.414(E) were applicable. These factors apply equally to the twins and T.M.

{¶22} Under R.C. 2151.414(E)(1), the court must consider whether, despite "reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent failed continuously and repeatedly to substantially remedy the conditions causing

the child to be placed outside their home." Additionally, under R.C. 2151.414(E)(4), the court must consider whether the "parent has demonstrated a lack of commitment toward the child by * * * other actions showing an unwillingness to provide an adequate permanent home for the child."

{¶23} In this case, the trial court found that mother had completed some mental health counseling prior to being incarcerated; however, she did not re-engage in any mental health counseling once released from prison. Furthermore, mother only recently provided documentation to the agency that she was being treated by her primary care physician for anxiety. She did not provide any documentation that she was linked to a mental health provider or that she was taking medication for her diagnosis of schizoeffective disorder.

{¶24} The court concluded that mother has housing. However, her residence was found to have insufficient space for any additional children. The testimony provided that mother has a three bedroom home, with two bedrooms occupied by her two older sons. Specific to T.M., there was not enough space to add a crib.

{¶25} Regarding mother's substance abuse history, the court noted that mother's relapse in May 2014 indicated that mother may have engaged in substance abuse while pregnant with T.M. This was an important factor to consider because despite mother's completion of an intensive outpatient program through the ORCA House after being released from prison, mother refused to engage in any follow-up counseling.

Additionally, the evidence showed that although mother would submit to drug tests, she would not submit when requested, but only once a month or every other visit with T.M.

**{¶26}** Accordingly, there was clear and convincing evidence supporting the trial court's determination that T.M. cannot be placed with either parent within a reasonable period of time or should not be placed with the parents — satisfying the second prong of R.C. 2151.414(B)(1).

**{¶27}** Having made this determination, the trial court was then required under the first prong of R.C. 2151.414(B)(1) to make a finding that permanent custody was in T.M.'s best interest under the factors set forth in R.C. 2151.414(D)(1)-(5).

**{¶28}** When considering the best interest of a child in a permanent custody hearing, the juvenile court is required under R.C. 2151.414(D)(1) to consider all relevant factors, including, but not limited to: (a) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents, and any other person who may significantly affect the child; (b) the wishes of the child, as expressed directly by the child or through the child's guardian ad litem; (c) the custodial history of the child; (d) the child's need for a legally secured permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and (e) whether any of the factors in R.C. 2151.414(E)(7) to (11) apply in relation to the parents and child. Although a trial court is required to consider each of the R.C. 2151.414(D)(1) factors in making its permanent custody determination, "[o]nly one of these factors needs

to be resolved in favor of the award of permanent custody." *In re A.B.*, 8th Dist. Cuyahoga No. 99836, 2013-Ohio-3818, ¶ 17.

**{¶29}** In this case, the evidence before the juvenile court clearly and convincingly demonstrated that upon consideration of the R.C. 2151.414(D)(1) factors, awarding permanent custody to CCDCFS was in T.M.'s best interest. First, with respect to the child's relationship with her mother, siblings, and foster mother, testimony was provided that mother visits with T.M. biweekly and the visits were appropriate. However, Deborah Carr, CCDCFS social worker supervisor, testified that the bond between T.M., her sisters, and their foster mother is significant. Since birth, T.M. has been living with her sisters and with the same foster mother, who has been her sole caregiver and provider.

**{¶30}** T.M.'s foster mother testified that T.M. is adjusting well, and all three sisters care for and "love on" each other, and they miss each other when separated. She further stated that T.M. does not have special needs, but noted that because she was born about a month premature, there is a little delay in her milestones, like crawling and standing. She stated that T.M. is on average where she should be and is progressing well.

**{¶31}** Regarding the wishes of the child, the guardian ad litem for all three children recommended that the court grant permanent custody. She was most concerned that mother had not requested any visits beyond the scheduled time, including overnight visits. She was also concerned about the probation violation related to the use of PCP.

{¶32} Carr testified that CCDCFS was seeking permanent custody because T.M. was receiving proper care with foster mother. Carr still had concerns that mother had not substantially addressed her mental health issues, or engaged in aftercare services for substance abuse treatment. She found this important because mother had previously relapsed after receiving treatment, and mother was not consistent in submitting to urine screens.

{¶33} Finally, the evidence demonstrated that mother's current living situation is not conducive for additional children in the household. Carr testified that there was not enough room for another crib or bed because mother's two older sons live with her.

{¶34} Upon review of the record, we find that the trial court weighed all relevant factors and made a decision in the best interest of T.M. This court finds clear and convincing evidence supporting the trial court's decision. Accordingly, the trial court did not abuse its discretion in granting permanent custody of T.M. to CCDCFS. Appellant's second assignment of error is overruled.

Effective Assistance of Counsel

{¶35} In her third assignment of error, mother contends that the proceedings were fatally flawed by mother's ineffective assistance of counsel. Specifically, mother argues that her counsel was ineffective for failing to object to the trial court consolidating the two cases.

{¶36} To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation

and that he was prejudiced by that performance. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶37} Having found that consolidation or joint consideration of the cases was appropriate and that the trial court did not abuse its discretion in hearing the cases together for disposition, we find that counsel was not ineffective for failing to object.

{¶38} Moreover, even if T.M.'s case was considered separately, there is not a reasonable probability that the result would have been different. Mother's household could not even accommodate one additional bed or crib, she did not re-engage in mental health care and counseling, and she did not seek any aftercare for substance treatment after completing a 30-day program. These factors were a constant with all of mother's children. Therefore, whether the cases were considered separately or together, the result would have been the same; mother's repeated failure to remedy her own situation was the cause of the grant of permanent custody. Accordingly, the assignment of error is overruled.

{¶39} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR